## Weaver *versus* The Commonwealth.

An assignment of error that the court refused to hear the prisoner by himself or counsel, on a motion in arrest of judgment, cannot be examined into in this court, there being nothing on the record to determine whether the fact is as stated in the specification of error.

Passing sentence upon the defendant was a sufficient overruling and disposition of a motion in arrest of a judgment.

A specification that the court erred in not arresting the judgment because of the insufficiency of the indictment, is bad for generality.

Where the indictment charges that the prisoners were in the custody of the defendant, as the keeper of the common jail, at the time he voluntarily permitted them to escape, it is unnecessary to aver that he received them as such.

It is not necessary to aver or prove that such keeper had knowledge of the guilt of the prisoners committed to his care, and voluntarily suffered them to escape.

It is felony at common law in a keeper to permit the voluntary escape of a prisoner charged with felony, and there is no statute in this state changing such crime.

Where the indictment and conviction was for permitting three prisoners respectively, charged with arson, counterfeiting, and larceny, to go at large, a sentence to five months' imprisonment at *hard* labour in the county jail, and to pay a fine of $150, and costs of prosecution, is not an unauthorized judgment.

The word "*hard*," qualifying labour, may be regarded as surplusage in such sentence.

ERROR to the Court of Quarter Sessions of *Crawford county.*

[Weaver *v.* The Commonwealth.]

The facts of the case are sufficiently stated in the opinion of Mr. Justice KNOX.

The case was submitted without argument, by

*Church*, for plaintiff in error.

*Johnston*, District Attorney, for the Commonwealth.

The opinion of the court was delivered by

KNOX, J.—Peter Weaver, the plaintiff in error, was tried, found guilty, and sentenced, in the Court of Quarter Sessions of Crawford county, upon an indictment charging him, as the keeper of the common jail of Crawford county, with "feloniously, unlawfully, voluntarily, and contemptuously" permitting the escape of three prisoners, committed to his custody, and charged respectively with the crimes of arson, counterfeiting, and larceny.

After the verdict, a motion was made in arrest of judgment, but the court nevertheless passed upon the prisoner a sentence, of which the following is a copy:—

"That you, Peter Weaver, for the offence of which you have been convicted, undergo a confinement, at hard labour, in the county jail, for the period of five calendar months, from the 22d day of May, A. D. 1857; and while there that you be fed, clothed, and otherwise dealt with according to law; and that you pay a fine of $150 and the costs of prosecution, and stand committed until this sentence is complied with."

The assignments of error are: "1. The court erred in not hearing defendant by himself or his counsel, or affording him or them an opportunity of being heard, and in not adjudicating upon the motion and reasons filed in arrest of judgment." Whether the court heard the defendant or his counsel on the motion in arrest of judgment or not, does not appear from the record, and cannot be inquired into in this court. The sentence was a sufficient disposition of the motion in arrest of judgment.

"2. The court erred in not arresting the judgment, because of the insufficiency of the indictment." This assignment is bad for generality.

"3. The indictment is insufficient in not averring that defendant received and had the prisoners in his custody."

The language of the indictment is, "and the jurors aforesaid, upon their oaths and affirmations aforesaid, do further present, that afterwards, to wit, on the day in the year aforesaid, they, the said Charles Norris, O. F. Powell, and Alexander Clark, were then and there committed to the care and custody of Peter Weaver, he, the said Peter Weaver, then and there being the keeper of the common jail, in and for the county of Crawford, then and

there to be kept for the purposes aforesaid; and the said Peter Weaver, the said Charles Norris, O. F. Powell, and Alexander Clark, then and there being in the custody of him, the said Peter Weaver, for the causes and purposes aforesaid, in the jail aforesaid," &c. That the prisoners were in the custody of the defendant, as the keeper of the common jail, at the time he voluntarily permitted them to escape, is distinctly set forth in the indictment, and it was wholly unnecessary to state that he received them as such keeper. The commitment, the office, and the custody, necessarily include the reception. There is nothing in this assignment.

"4. The indictment is insufficient in not averring and charging that defendant had knowledge of the guilt or offence with which the prisoners were charged, and for which they were committed."

It is not necessary either to aver or prove that the keeper of a common jail knew that the prisoners committed to his care were guilty of the offences with which they were charged, in order to convict him of a voluntary escape; if it were, our prison doors might be thrown open by the keepers without fear of punishment, for it would be the next thing to an impossibility to prove absolute knowledge of guilt. That the guilt is charged, is all the knowledge that is required to be brought home to the keeper, and this is sufficiently stated in the averment that the prisoners were committed to his custody charged with the commission of the offences named in the indictment.

"5. The indictment is defective in charging the defendant as for a felony, without averring the commission of any such crime by the prisoners' escaping, or that they were guilty, or had been convicted thereof."

At common law, for a keeper of a prison voluntarily to permit one charged with felony to escape and go at large, is a felony, and we have no statute changing the character of the crime. Our Act of 4th April, 1807, applies solely to negligent escapes, and for that the penalty is by fine, not exceeding $300; voluntary escapes, as to the grade of the offence and the nature and extent of the punishment, are regulated by the common law rule, which adjudges the keeper, who voluntarily permits an escape of one charged with a crime, to be himself guilty of a crime of equal grade with that charged against the prisoner. It matters not whether the escape be suffered before or after the guilt has been judicially ascertained, and consequently it is not necessary to aver the guilt of the prisoners escaping, in the indictment against the keeper.

"6. The sentence is unauthorized and contrary to law." This assignment does not specify in what particular the sentence is "contrary to law." Nor are we able to discover any defect in the sentence which requires it to be set aside. The punishment inflicted was imprisonment in the county jail, at hard labour, for

[Weaver *v.* The Commonwealth.]

a period of five months, and a fine of $150, with costs of prosecution. Surely a keeper of a prison, convicted of voluntarily permitting the escape of three prisoners, committed to his custody for safe keeping, charged with the commission of crimes of a high grade, has no just cause of complaint against a sentence like the one passed upon this plaintiff in error. The form of the sentence may not be entirely free from objection, in including the words "hard labour," as found in the Act of 21st March, 1806, instead of following the later acts which exclude the word "hard;" but this is not a fatal defect. In a case like the present, the word hard may be treated simply as surplusage, and consequently its insertion did not vitiate the sentence.

The plaintiff ought to congratulate himself upon the moderation of the sentence, instead of complaining of its severity. It was unquestionably within the power of the Quarter Sessions to have sentenced him to the penitentiary for any period not exceeding two years. His offence was a most serious one, and his punishment comparatively light.

Judgment affirmed.