## Commonwealth *v.* Washington, Appellant.

*Criminal law—Murder—Charge of court.*

In a murder case the court charged as follows: "In this case there is no evidence that the offense was committed by means of poison or lying in wait, or in the perpetration or attempted perpetration of any arson, rape or burglary, and we have, therefore, only to deal with murder described in the act of assembly as wilful, deliberate and premeditated, or which shall be committed in the perpetration or attempted perpetration of robbery. Unless, therefore, the offense was committed in the perpetration or attempted perpetration of robbery,—and the district attorney says that he does not ask you to say that this murder was committed in the attempted perpetration of a robbery,—therefore to constitute murder in the first degree in this case the act must have been done voluntarily." *Held*, that the trial judge could not be charged with leaving it to the jury to say whether the murder had been committed in the perpetration of a robbery because he did not affirmatively tell them that there was no evidence of the commission of that offense.

*Criminal law—Murder—Insanity—Charge of court.*

On the trial of an indictment for murder it is not error to charge as follows: "The law in the state of Pennsylvania is that when the killing is admitted or proven, and insanity or the want of legal responsibility is alleged as an excuse, it is the duty of the defendant to satisfy the jury that insanity actually existed at the time of the act."

*Criminal law—Murder—Charge of court—Statement as to testimony.*

Assignments of error to portions of charge, alleged to contain misstatements as to testimony, cannot be sustained where it appears from the rest of the charge that such portions gave simply the judge's recollection of what had been testified to, which did not so materially vary from the testimony as to harm the prisoner, and where it also appears that the judge had cautioned the jury that they themselves must recall what the witnesses had said.

An assignment to the effect that the court erred in presenting the strong features of the commonwealth's case, and in ignoring the evidence for the prisoner, cannot be sustained, where it appears from the record that the court's attention was not called to any particular testimony by counsel for the prisoner, and that the judge just before he concluded his charge asked whether there was anything that either the commonwealth or the defendant thought of, and that no answer was made to this question.

Argued Feb. 17, 1902. Appeal, No. 383, Jan. T., 1901, by defendant, from judgment of O. & T. Lebanon Co., June T., 1901, No. 1, on verdict of guilty of murder in the first degree in case of Commonwealth v. George Clarence Washington. Before McCollum, C. J., Mitchell, Fell, Brown and Potter, JJ. Affirmed.

Indictment for murder.

From the record it appeared that the prisoner was indicted for the murder of Jacob Schmidt on May 4, 1901.

The court charged in part as follows:

[In this case there is no evidence that the offense was committed by means of poison or lying in wait, or in the perpetration or attempted perpetration of any arson, rape or burglary, and we have therefore only to deal with murder described in the act of assembly as wilful, deliberate and premeditated, or which shall be committed in the perpetration or attempted perpetration of robbery. Unless, therefore, the offense was committed in the perpetration or attempted perpetration of robbery,—and the district attorney says he does not ask you to say that this murder was committed in the attempted perpetration of a robbery,—therefore to constitute murder in the first degree in this case the act must have been done voluntarily.] [1]

\*      \*      \*      \*      \*      \*      \*      \*

[The law in the state of Pennsylvania is that when the killing is admitted, or proven, and insanity or the want of legal

responsibility is alleged as an excuse, it is the duty of the defendant to satisfy the jury that insanity actually existed at the time of the act.] [2]

[If you believe the testimony of these witnesses, that the defendant confessed the crime, confessed that he killed Schmidt in the manner in which they detailed that he said that he killed him, then we say to you that the evidence warrants you to find the defendant guilty of murder in the first degree. If it is true, as these witnesses say, that the defendant confessed to them, and that the defendant actually did kill Schmidt in the manner in which he did confess to these witnesses, if he did so confess, that when Schmidt came in that he simply ordered him out, that he picked up his pick handle and knocked him down, and when Schmidt made this remark that he should strike him another time, and then he picked up the hammer and gave him five more strokes, either of which, one of the physicians testified, at least, would have killed, then we say to you, you would be justified in finding him guilty of murder in the first degree.] [3]

\*      \*      \*      \*      \*      \*      \*      \*

[Raber, I think, testified that Schmidt came to this shanty on the morning of May 4, and when he came in he ordered him out, and that he then picked up this pick handle and struck him on the head.] [4]

\*      \*      \*      \*      \*      \*      \*      \*

[All homicides, felonious homicides, are presumed to be murder of some degree and unless the defendant testifies to some extenuating circumstances that reduces the crime lower than murder of some degree, you are not justified in finding manslaughter. Now in this case there is no attempt to reduce the homicide by the defendant. He absolutely denies the homicide. Therefore, he does not explain or does not ask that there should be extenuating circumstances in this case to reduce it to manslaughter. If you find that there was killing, then you have no evidence on his part to say that the offense ought to be reduced below murder. As I have said before, the presumption when a felonious homicide is committed is that it is some degree of murder.] [5]

[If you have a reasonable doubt as to his guilt in the first

degree, but think he is guilty of murder in the second degree, then you find him guilty of murder in the second degree.] [6]

The court answered the question of a juror, as follows: [The difference is in first degree murder there must be premeditation, there must be an intention to kill. In second degree murder that is not necessary that there is an intention to kill. In first degree murder there must be a consciousness of the party who commits the deed that he intends to commit murder. It makes no difference how short the time may be in which he makes up his mind to kill, if he does make up his mind to kill, it is first degree murder.] [7]

Verdict of guilty of murder in the first degree upon which judgment of sentence was passed.

*Errors assigned* were (1–7) above instructions, quoting them.

*George B. Woomer*, with him *John H. Louser*, for appellant.

*Charles V. Henry*, district attorney, for appellee, was not heard.

Opinion by Mr. Justice Brown, March 24, 1902:

In their zealous effort on behalf of the appellant, counsel frankly admit that the case of the commonwealth against him was damaging, and, after the most careful examination of the testimony, given to it in view of the awful consequences of the jury's finding to the poor and friendless prisoner, we are compelled to the conclusion that their verdict was just. No question is raised as to error in the admission or rejection of evidence by the learned trial judge, and we are to pass upon nothing but the correctness of his instructions to the jury, as challenged in the nine assignments before us.

The language of the court quoted in the first assignment did not, as is contended, submit to the jury the question whether murder had been committed in the perpetration of a robbery. On the contrary, they were distinctly told that the commonwealth did not ask for a conviction because murder had been committed in the attempted perpetration of that crime, and not a word was said in any portion of the charge about the actual perpetration of it by the prisoner. The court said to the jury,

" unless, therefore, the offense was committed in the perpetration or attempted perpetration of robbery,—and the district attorney says he does not ask you to say that this murder was committed in the attempted perpetration of a robbery,—therefore, to constitute murder in the first degree in this case, the act must have been done voluntarily; " and it is too refined reasoning, even for this serious case, to say that the trial judge left it to the jury to say whether the murder had been committed in the perpetration of a robbery, because he did not affirmatively tell them that there was no evidence of the commission of that offense.   What follows the language complained of in the first assignment clearly indicated to the jury what was necessary to constitute murder of the first degree, without regard to the perpetration, or attempted perpetration, of any of the felonies enumerated in the statute defining the two degrees of murder.

There was a mere suggestion of the defense of insanity. None was made that the jury ought to have considered, and the learned court was not called upon for any instructions as to what was necessary to establish it.   If nothing at all had been said in the charge as to what was required, error would not have been committed; but, in saying what is the subject of the second assignment, taken in connection with what immediately follows, the learned judge declared the law as he found it in our uniform authorities: Ortwein v. Commonwealth, 76 Pa. 414; Lynch v. Commonwealth, 77 Pa. 205; Meyers v. Commonwealth, 83 Pa. 131; Coyle v. Commonwealth, 100 Pa. 573; Commonwealth v. Gerade, 145 Pa. 289.

The extracts which are the subjects of the third, fourth and last assignments must be read in connection with the portions of the charge from which they are taken, and, if so read, it is clear that they give simply the judge's recollection of what had been testified to, which did not so materially vary from the testimony as to harm the prisoner.   Moreover, he was protected from the effect of any statement of the testimony by the court, not materially varying from it, by the caution to the jury that they themselves must recall what the witnesses had said.

What is found in the fifth and sixth assignments are but portions of a charge in which the different degrees of homicide are fully and correctly stated, and the assignments are without

merit.   The answer to the question of the juror was also as correct and full as it ought to have been, in view of the fullness of the general charge just referred to.

The last assignment cannot be sustained.   It complains that the trial judge failed to as fully present to the jury the features of the defense as he did those of the commonwealth.   The charge is not fairly open to this criticism; but, even if the court omitted to refer to the testimony which counsel for the defense considered important, attention ought to have been called to it when the opportunity was given to do so.   The learned trial judge, just before he concluded his charge to the jury, in a spirit of concern lest he might have omitted something, asked whether there was anything that either the commonwealth or the defendant thought of; no answer was made, and complaint cannot now be heard that the prisoner was harmed by the inadequacy of the charge.

The trial was fair, and the charge, from which extracts are taken with no regard to their connection with what precedes or follows them, is entirely free from the errors which the zeal of counsel would have us believe were committed.   The assignments are all overruled.   The judgment is affirmed, and it is ordered that the record be remitted to the court below for the purpose of execution.