## Commonwealth *v.* Dietrich, Appellant.

*Criminal law—Evidence—Prior similar offense—Act of March 15, 1911, P. L. 20.*

Where on the trial of an indictment for statutory rape, the defendant takes the stand and denies the charge, then introduces tes-

timony as to his general good reputation, and when recalled for cross-examination denies that he had ever been charged with a similar act, the Commonwealth may call a justice of the peace to the stand, and show by the latter's docket and testimony that the defendant had been charged with a similar crime five years previously, and that he had pleaded guilty to such charge. The Act of. March 15, 1911, P. L. 20, does not prevent the introduction of such evidence under the circumstances.

Argued Dec. 4, 1916. Appeal, No. 13, Oct. T., 1916, by defendant, from judgment of O. & T. Schuylkill Co., Sept. T., 1915, No. 1153, on verdict of guilty in case of Commonwealth v. William Dietrich. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Indictment for statutory rape. Before KOCH, J.

At the trial plaintiff went on the stand and denied the charge. He then introduced the testimony of other witnesses as to his general good reputation. He was recalled in rebuttal for cross-examination, and asked whether he had ever been charged with a similar act. He. denied that he had. Joseph Moody, a justice of the peace, was then called by the Commonwealth, and testified under objection and exception as follows:

Alderman 5th Ward of Hazleton in 1911. Case brought before me, May 4, 1911. Forcible taking advantage of her. He plead guilty. I wrote it down. I swore him in and asked him and he plead guilty. I had not read the information.

He did not tell me to swear him. The woman was heard. Then he was heard. There was not much to it. Lasted only about 10 minutes.

Verdict of guilty upon which the defendant was sentenced to two years imprisonment.

*Errors assigned* were rulings on evidence as above, quoting the bill of exceptions, and in overruling motion in arrest of judgment.

*A. L. Shay,* with him *C. A. Snyder,* for appellant.— The court in this case committed error in the admission of the evidence of Joseph Moody, an alderman or justice of the peace from the City of Hazleton: Com. v. Williams, 41 Pa. Superior Ct. 326; Smith v. Hine, 179 Pa. 203; Miller v. Miller, 187 Pa. 572; Com. v. Gibbons, 3 Pa. Superior Ct. 408; Com. v. Mosier, 135 Pa. 221; Com. v. Garanchoskie, 251 Pa. 247.

*C. A. Whitehouse,* District Attorney, with him *Roy P. Hicks,* for appellee.—Prior to the passage of the Act of 1911, a defendant who offered testimony in his own behalf could be cross-examined concerning other specific crimes, and his testimony rebutted, for the purpose of attacking his credibility: Commonwealth v. Racco, 225 Pa. 113; Commonwealth v. Kane, 109 Pa. 541; Commonwealth v. Williams, 41 Pa. Superior Ct. 326.

Since the passage of the said Act of March 15, 1911, P. L. 20, if the defendant not only sees fit to testify in his own behalf, but presents his reputation in evidence he is again open for examination of other charges or of matters "tending to show that he has been of bad character or reputation."

OPINION BY HEAD, J., March 9, 1917:

The appellant was convicted in the court below of the offense commonly known as statutory rape. The learned court having denied his motion for a new trial and imposed the sentence required by law, this appeal followed.

On the trial the Commonwealth gave evidence tending to show the fact of defendant's guilt. In reply defendant himself took the witness stand and made denial of all the facts which the evidence of the Commonwealth tended to establish. He then offered a number of witnesses who testified to his general good reputation as a peaceful and law-abiding citizen prior to the time of the accusation from which the trial resulted. By way of rebuttal the Commonwealth recalled the defendant for further cross-

examination and inquired of him whether or not, a few years before, a charge of a similar character had been made against him before a certain magistrate and he entered a plea of guilty at that time and before that magistrate. He denied the existence of any such facts. Thereupon the Commonwealth produced a witness, Joseph Moody, Esq., who, against the objection of the defendant, was permitted to testify in contradiction of what he, the defendant, had just declared. He produced his docket and testified such an accusation had been made, that the defendant had been brought before him and under oath had admitted he was guilty of the offense charged. The learned counsel for appellant urges us to say this testimony was legally incompetent and should have been rejected and, as a consequence of the alleged erroneous ruling of the learned trial judge on this question, the judgment entered should be reversed.

There can be no doubt as to the status of the law in such a case prior to the passage of the Act of March 15, 1911, P. L. 20. In Commonwealth v. Williams, 41 Superior Court 326, President Judge Rice said: "In the recent case of Commonwealth v. Racco, 225 Pa. 113, it was held that where the accused takes the stand on his own behalf he may be asked on cross-examination, in order to test his credibility, whether he had not been convicted and sent to prison for other criminal offenses; and if he answers no, it may be shown, for the purpose of contradicting him and impeaching his credibility, that he made declarations to the effect he had been convicted and sentenced for such crime." The Act of 1911 just referred to is entitled "An Act regulating in criminal trials the cross-examination of a defendant when testifying in his own behalf." The title clearly measures and defines the scope of the enacting clause., We quote "That hereafter any person charged with any crime and called as a witness in his own behalf shall not be asked, and if asked shall not be required to answer, any question tending to show that he has committed or been charged with or been convicted

of any offense other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation." If the statute had stopped there, manifestly it would have forbidden the introduction of the testimony now complained of. The act, however, proceeds thus: "unless he shall have at such trial ......given evidence tending to prove his own good character or reputation." As it is clear from the record before us the defendant had offered affirmative evidence tending to prove his own good character or reputation, his case was thereby taken out of the operation of the statute.

In the recent case of Commonwealth v. Garanchoski, 251 Pa. 247, this statute was under consideration. In the course of the opinion Mr. Justice FRAZER, speaking for the court, said: "The act absolutely forbids cross-examination with reference to the commission of other acts unless the case falls within one of the two exceptions mentioned therein. While defendant did not ask questions of witnesses for the Commonwealth with a view of establishing his own good reputation or character, he called a large number of character witnesses and thus brought himself within the provisions of the act providing for an exception in the cases where the defendant has given evidence tending to prove his own good character or reputation. The cross-examination of the defendant of which complaint is made in the second assignment was therefore proper and this assignment is overruled." In other words, when it appears from the record that appellant's case was entirely outside of the operation of the statute, it must be governed by the law as it existed before the enactment of the statute. The cross-examination of the defendant was therefore proper and the truth of his answers to the questions asked was material in the consideration by the jury of the credibility to be given the whole of his testimony. If it were proper the Commonwealth should ask these questions on his cross-examination, it was certainly not concluded by his answers

and could not be denied the right to contradict him by evidence tending to show he was an untruthful witness. It will be understood this evidence was neither offered nor admitted for the purpose of attacking the previous good reputation of the defendant as shown by the evidence, but for the purpose of contradicting him on a material matter and thus destroying, in whole or in part, his claim to be a credible witness. In the case last referred to the idea is further brought out in the following language from the opinion: "In the third, fourth and fifth assignments the Commonwealth was permitted to show by other witnesses that defendant had committed other offenses, for the purpose of showing his bad reputation. This evidence does not come within the Act of 1911 since that act applies exclusively to the cross-examination of a defendant. The general rule, therefore, applies that proof of character must be limited to the general reputation of a person with respect to the particular offense charged and that evidence of particular acts cannot be given (cases cited). Neither was such evidence competent on the theory that it was in contradiction of denials made by the defendant on the stand concerning the commission of other offenses inasmuch as it appears defendant was not examined by the Commonwealth, with reference to the commission of other offenses, until after the above testimony was received. These assignments are therefore sustained."

In the case at bar the record shows that defendant was distinctly asked on cross-examination as to the alleged commission of a former offense and his plea or answer thereto, and it was precisely for the purpose of contradicting him as to these matters the evidence complained of was admitted. We are of the opinion the ruling of the learned trial judge was correct and the record of the trial exhibits no reversible error. The judgment is affirmed and the record is remitted to the court below with direction that the defendant forthwith surrender himself there and that the sentence heretofore imposed be carried into execution.