### Commonwealth v. Varano, Appellant.

*Criminal law — Murder — Trials — Instructions to the jury — Waiver of inadequacy—Evidence—Cross-examination — Harmless answers—Withdrawal of juror—Judicial discretion.*

1. While it is the duty of the court in a homicide case to define the meaning of the words "reasonable doubt," yet where the court fully instructs the jury that the defendant is entitled to the benefit of any reasonable doubt fairly arising out of the testimony and at the end of his charge asks defendant's counsel if there is anything else he wishes the court to say to the jury, to which counsel replies "nothing, your Honor," the fact that the trial judge does not define the meaning of the words "reasonable doubt" is not reversible error.

2. Where at the trial of an indictment for murder it appeared that defendant and a third person were engaged in an altercation with deceased, that shots were fired both by defendant and the third person, and where the evidence was conflicting as to whether or not, deceased was killed by defendant or by such third person, but where it further appeared that the crime was committed with a thirty-eight calibre revolver and defendant admitted his was of that calibre and that he threw it away after the occurrence, a verdict of guilty of murder of the second degree was justified by the evidence,

although there was nothing to show that defendant and such third person were acting in concert when deceased was killed.

3. Where defendant's wife was an important witness in his behalf it was competent to ask her on cross-examination if she had not made statements to a certain person at variance with her testimony and on her denial to offer proof that she had.

4. Where the district attorney was permitted on cross-examination to ask certain of defendant's witnesses if they were not members of the Black Hand Society and whether they were pledged to disregard the American oath, to which questions they replied in the negative, the defendant's rights were sufficiently protected by the refusal of the court to permit the Commonwealth to offer evidence upon that subject and by charging the jury to disregard it.

5. A witness may be interrogated as to his conviction of such offenses as affect his credibility but it is not proper to ask him as to his guilt of some alleged crime not connected with the case on trial, and of which he was never convicted; where, however, such improper question has been asked and answered in the negative the defendant is not prejudiced, and the refusal of the court to withdraw a juror moved for on the ground that such improper question has been asked, is not an abuse of judicial discretion.

6. Where on the trial of a homicide case, the district attorney asked a witness for the defendant whether he had not cut a certain person, and the witness answered in the negative, the defendant's motion for the withdrawal of a juror was properly refused.

Argued March 23, 1917. Appeal, No. 74, Jan. T., 1917, by defendant, from sentence of O. & T. Northumberland Co., Sept. T., 1916, No. 10, on verdict of guilty of murder of the second degree, in case of Commonwealth *v.* Veto Varano. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Indictment for murder. Before MOSER, J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the second degree.

Defendant was sentenced to pay the costs of prosecution and to undergo imprisonment in separate and solitary confinement at hard labor for a period of not more than fifteen years nor less than twelve years. Defendant appealed.

*Errors assigned* were instructions to the jury, rulings on evidence and in refusing to withdraw a juror and continue the case.

*J. A. Welsh,* with him *J. J. Kearney,* for appellant.

*Frank H. Strouss,* District Attorney, with him *Stephen Gribbon,* Assistant District Attorney, and *L. S. Walter,* for appellee.

OPINION BY MR. JUSTICE WALLING, June 30, 1917:

In an altercation between Italian laborers on the evening of September 25, 1916, at Kulpmont, Northumberland County, one Feremento Manella was shot and killed. For this crime defendant and Frank Christianna were indicted jointly but tried separately. The latter's case being called first resulted in an acquittal, then defendant's trial proceeded and thereat three eye witnesses testified that they saw defendant shoot and kill the deceased, while five others for defendant testified that Christianna fired the fatal shot. Defendant fled and was later arrested or surrendered to the officers at Scranton. Several shots were exchanged at the time of the homicide, one of which defendant admitted but stated that it was after the deceased had fallen and not in his direction. The crime seems to have been committed with a thirty-eight calibre revolver, and defendant admitted his was of that calibre, and that he threw it away after the occurrence. The Commonwealth did not contend that the defendant and Christianna were acting in concert, so the real question was as to which did the shooting, and it was admitted that each used his revolver during the trouble. Defendant is the appellant here, as the jury found him guilty of murder in the second degree, on which he was duly sentenced. We find nothing to justify a reversal.

Defendant submitted two requests on the question of reasonable doubt, both of which were affirmed; and in the general charge the trial judge stated that, "The de-

fendant is entitled to the benefit of any reasonable doubt fairly arising out of the testimony." One of the requests was:

"That if the jury or any member of the jury have a reasonable doubt of the guilt of the defendant the defendant must be acquitted. Answer. That is affirmed. It is the duty of the Commonwealth in all criminal cases to prove the guilt of the defendant beyond a reasonable doubt, and in this case it is the duty of the Commonwealth to prove every ingredient of the crime beyond a. reasonable doubt. Any reasonable doubt, fairly arising out of the testimony, is the property of the defendant and you must give him the benefit of it."

Later the judge asked defendant's counsel if there was anything else he wished the court to say to the jury; to which counsel replied, "Nothing, your Honor." While it is the duty of the court in a capital case to define the meaning of the words "reasonable doubt," yet in view of what took place here we cannot convict the court of error in that regard. In delivering the opinion of this court in Commonwealth v. Washington, 202 Pa. 148, 153, Mr. Justice Brown (now Chief Justice) says, "The learned trial judge, just before he concluded his charge to the jury, in a spirit of concern lest he might have omitted something, asked whether there was anything that either the Commonwealth or the defendant thought of; no answer was made, and complaint cannot now be heard that the prisoner was harmed by the inadequacy of the charge." See also Commonwealth v. Boschino, 176 Pa. 103; Commonwealth v. Zappe, 153 Pa. 498; Commonwealth v. Morrison, 193 Pa. 613; Commonwealth v. Pacito, 229 Pa. 328.

Defendant's wife was an important witness in his behalf, and it was entirely competent to ask her on cross-examination if she had not made statements to a certain person at variance with her testimony, and on her denial to offer proof that she had: Commonwealth v. Racco, 225 Pa. 113,

The court permitted the district attorney on cross-examination to ask some of the defendant's witnesses if they were not members of the Black Hand Society; and to ask others if they did not belong to a society where they were pledged to disregard the American oath. All of which questions were answered in the negative; and the court declined to permit the Commonwealth to offer evidence upon that subject and charged the jury to disregard it. Such inquiry should never be made except for good reason, but its allowance is not error: Carroll v. Commonwealth, 84 Pa. 107; Campbell v. Commonwealth, 84 Pa. 187; Hester v. Commonwealth, 85 Pa. 139. What questions may be asked on cross-examination to test the credibility of a witness is largely a matter in the discretion of the trial judge: Jessop v. Ivory, 158 Pa. 71; Commonwealth v. Williams, 41 Pa. Super. Ct. 326.

The eighth assignment of error is based on the cross-examination of one of the defendant's witnesses, wherein appears the following:

"Q. Do you know Tony Bracci? A. Yes. Q. Didn't you cut Toney Bracci up there? A. No sir. Mr. Welch: Objected to, and ask that a juror be withdrawn because of the manner in the examination of this witness. By the Court: The witness said he did not. You are better off now than if we had not allowed the question. We deny the request of counsel for defendant. An exception noted and bill sealed for the defendant."

A witness may be interrogated as to his conviction of such an offense as affects his credibility: Commonwealth v. Racco, 225 Pa. 113. But it is not proper practice to ask him as to his guilt of some alleged crime not connected with the case on trial and for which he was never convicted: Stout v. Rassel, 2 Yeates 334; Elliott v. Boyles, 31 Pa. 65.

However, the only exception here taken as to that seems to be the refusal of the court to withdraw a juror, which refusal was clearly right. In view of the negative answer of the witness, that matter does not seem to be of

great magnitude.   Only prejudicial error will justify granting a new trial.   "It is not sufficient, as a general rule, to show that an improper question, either in form or substance, has been put to a witness; it must appear that an answer was received which tended to injure the case of the appellant": Commonwealth v. Craig, 19 Pa. Superior Ct. 81, 96, opinion of President Judge RICE. And see Scott v. Baker, 37 Pa. 330.

The assignments of error are overruled and the judgment is affirmed.