# Commonwealth *v.* Robzin et al., Appellants.

*Criminal law—Criminal procedure—Cross-examination of defendant—Previous offenses—Character evidence.*

In a prosecution for feloniously entering a dwelling and stealing whiskey, where the defendants called witnesses to prove good reputation, it was not error to permit the district attorney to ask them whether they had ever been in the "bootlegging" business.

The Act of March 15, 1911, P. L. 20, provides that any person charged with any crime, and called as a witness in his own behalf, shall not be asked any question tending to show that he has committed, or been charged with, or convicted of any offense other than the one wherewith he shall be then charged, or tending to show that he had been of bad character, unless he shall have at such trial asked questions of the witness for the prosecution with a view to establish his own good character, or has given evidence tending to prove his own good character or reputation. It applies only to the defendant, not to his witnesses.

Where the defendants, charged with stealing whiskey, have offered evidence of their own good character, it was not improper to permit inquiry into the situation, associates and occupation of the witnesses, produced to swear to the good reputation of the accused. If they were themselves persons of doubtful character, if they were engaged in the illegal sale of whiskey unlawfully obtained, it was proper for the jury to know of it in passing upon the effect to be given their testimony.

*Criminal law—Criminal procedure—Charge of court—Stealing whiskey—Sufficiency.*

On the trial of an indictment for felonious entry and for stealing whiskey, it was proper for the court to instruct the jury that they need not concern themselves as to the lawfulness of the prosecutor's purchase of the whiskey. Whether in securing the whiskey the latter was guilty of a violation of the federal laws or not, it furnished no justification to the defendants for feloniously entering his home and stealing it, and constituted no defense to the crime charged. His possession of the whiskey was sufficient to support the indictment.

Argued December 12, 1921. Appeals, Nos. 30, 32, 33 and 34, March T., 1922, from judgment of O. & T. Luzerne Co., Nov. Sessions, 1921, No. 55, on verdict of guilty in

290, (1922).] Statement of Facts—Opinion of the Court.
the case of Commonwealth of Pennsylvania v. David
Chermin, Benjamin Robzin, Thomas Mullin and John
Callahan. Before ORLADY, P. J., PORTER, HENDERSON,
HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for felonious entry and larceny. Before
GARMAN, J.

The facts are stated in the opinion of the Superior
Court.

Verdict of guilty on which judgment of sentence was
passed.

*Error assigned,* among others, was the action of the
court in allowing the cross-examination of the defendant
as quoted in the opinion of the Superior Court.

*M. F. McDonald,* and with him *John H. Dando,* for
appellants.

*M. H. Salsburg,* Assistant District Attorney, and with
him *Arthur H. James,* District Attorney, for appellee.

OPINION BY KELLER, J., March 3, 1922:

The appellants, together with William Pezzner (March
Term, 1922, No. 31), were convicted of having feloni-
ously entered the dwelling house of one Simon Matula-
vicz and stolen three barrels of whiskey, one of which
he had bought of Robzin and Pezzner a few days before.
The conviction was set aside as to Pezzner, because on
cross-examination the district attorney was permitted
to ask him "Were you ever in the bootlegging business?"
contrary to the provisions of the Act of March 15, 1911,
P. L. 20. See opinion this day filed. We are urged to
make the same ruling as to the other defendants. The
assignments of error fail to set forth, however, that this
question or any similar improper one was asked of any
of the defendants except Pezzner. Moreover, Pezzner
was the only defendant who did not offer character tes-

timony.   The Act of 1911 excepts from its provisions, inter alia, cases where the defendant gives testimony tending to prove his own good character or reputation: Com. v. Burke, 74 Pa. Superior Ct. 320; Com. v. Dietrich, 65 Pa. Superior Ct. 599.   The Act of 1911 does not apply to witnesses who are not defendants.   As to them the practice approved in Com. v. Racco, 225 Pa. 113, and Com. v. Payne, 242 Pa. 394, 401, has not been changed and the witness may yet be interrogated as to his conviction of such an offense as affects his credibility: Com. v. Varano, 258 Pa. 442, 446; Marshall v. Carr, 271 Pa. 271, 274; 2 Wigmore on Evidence, section 980 (5).   It was not improper to permit inquiry into the situation, associates  and  occupation  of  witnesses  produced  to swear to the good reputation of the accused: 1 Greenleaf on Evidence, section 456; Annotation, 1 A. L. R. 1402; 3 Ency. of Evidence, 759, 760.   If they were themselves persons of doubtful character, if they were engaged in the illegal sale of whiskey unlawfully obtained, it was proper for the jury to know of it in passing upon the effect to be given their testimony.   The second, third, fourth and fifth assignments of error are overruled.

We are not convinced that the testimony complained of in the sixth, seventh and eighth assignments of error did not tend to rebut the evidence of the defendants; but even if it was more properly admissible in chief, its reception in rebuttal was not reversible error: Com. v. Bell, 166 Pa. 405, 413; Carroll v. Com., 84 Pa. 107; Com. v. Gormley, 78 Pa. Superior Ct. 294, filed this day.

The prosecutor having testified on cross-examination that when taken to Pezzner's store by the chief of police and confronted by Robzin and asked if the latter had been at his place the day the whiskey was stolen he had replied "No," it was entirely proper to permit him to state on redirect examination that he had been instructed by the chief beforehand to make such answer, in order that Robzin might not become frightened and run away.

The credibility of the testimony was for the jury. The tenth assignment is overruled.

The court properly instructed the jury that in passing upon the guilt or innocence of these defendants they need not concern themselves as to the lawfulness of the prosecutor's purchase of the whiskey. Whether in securing the whiskey he was guilty of a violation of the federal laws or not, it furnished no justification to the defendants for feloniously entering his home and stealing it, and constituted no defense to the crimes charged. His possession of the whiskey was sufficient to support the indictment. The twelfth, thirteenth, and fourteenth assignments are overruled.

We cannot agree that the charge as a whole was inadequate, intemperate, argumentative, and unfair, as charged in the eleventh assignment of error. The trial judge correctly defined the crimes for which the defendants were indicted. He was fair in presenting the theory of the defense and in his review of the testimony. It was not improper for him to explain that it was not necessary, in order to convict, that all the defendants should have been identified at the trial by both the prosecutor and his wife, provided they were satisfied beyond a reasonable doubt from the testimony of either of them, that they were present and were concerned in taking the whiskey; that their failure to agree in every particular of their testimony did not prove that the story was made up or concocted. The charge, as respects the legal issues raised by the defense,—separate alibis,—conformed approximately to the language used in Rudy v. Com., 128 Pa. 500, 503-5, which was said by the Supreme Court to constitute "a full, clear and accurate statement of the law on the subject," p. 507. The instructions as to good character were in accord with the decisions of the Supreme Court. The subject of reasonable doubt was explained fully and accurately and the jury were instructed that the burden of proving the guilt of the defendants rested throughout on the Com-

monwealth and if after considering all the evidence they had a reasonable doubt as to their guilt, they must acquit. It was not improper to refer at some length to the gravity of the offense and the frequency of its occurrence in present conditions, and to the necessity for the upholding and enforcement of the law. The charge was earnest, but not intemperate, as in Linn v. Com., 96 Pa. 285. The trial judge said nothing that could be interpreted as an intimation, much less as an expression, of his opinion upon the guilt or innocence of the defendants. He did not even express any opinion upon the facts, as, it has been held, he may do, if they are properly referred to the jury: Ditmars et al. v. Com., 47 Pa. 335. He did not usurp the functions of the jury nor interfere with their province: Com. v. Orr, 138 Pa. 276; Com. v. Winkelman, 12 Pa. Superior Ct. 497.

The remaining assignments need not be referred to. They are all overruled. The judgments are affirmed and it is ordered that the several defendants appear in the court below at such times as they may be respectively there called and that they be by that court committed until they have complied with their respective sentences or any part thereof that had not been performed at the time the several orders of supersedeas were entered.