## Wosk Manufacturing Co., Inc., v. Kushin & Katzman.

*Trespass—Wrongful removal of goods — Evidence—Cross-examination— Conviction of witness for crime—Damages—Market value.*

**1.** In an action of trespass by a corporation to recover for alleged wrongful removal of goods, the president of the plaintiff may be asked on cross-examination whether he had not been convicted of fraudulent conversion.

**2.** In such case, where there is no evidence of market value of the goods, and there is evidence that the company had gone out of business and abandoned the property as worthless, it is proper for the court to charge that only nominal damages can be awarded.

Rule for new trial. C. P. No. 5, Phila. Co., March T., 1924, No. 3085.

*H. Roberts,* for plaintiff; *Edmonds & Obermayer,* for defendants.

HENRY, P. J., 52nd judicial district, specially presiding, March 26, 1926.— The plaintiffs sued in trespass to recover the value of certain personal property claimed to have been wrongfully removed from premises in the rear of No. 226 South 4th Street, in the City of Philadelphia.

The court limited the jury to the award of nominal damages in this case, for the reason, as it then appeared to the court, that there was not sufficient evidence of market value of the goods in question to go to the jury. The jury, however, returned a verdict in favor of the defendants upon the questions of fact submitted to them for the determination of the right of the plaintiff to recover.

The plaintiff has now moved for a new trial, and the principal reasons urged in support of this rule are that the court erred in limiting the jury to an award of nominal damages, in permitting one of the plaintiff's witnesses to be asked, upon cross-examination, whether he had not been convicted of fraudulent conversion, and in submitting to the jury the question whether the plaintiff had not abandoned the personal property for the value of which it was seeking to recover.

The evidence indicated that the plaintiff had occupied a garage in the rear of the defendants' premises at No. 226 South 4th Street under a written lease providing for the payment of rent monthly in advance on the first of each month; that the rent had been paid for the month of August; that no rent was subsequently paid; that the alleged wrongful removal of the property occurred about Dec. 12th; that the plaintiff's officers had not seen the property for some months prior to this alleged wrongful removal, and that the plaintiff maintained certain offices connected with its business of manufacturing disinfectants and germicides, but that these offices for some time in October had been kept open for the purpose of following up prior shipments and possibly making collections. Witnesses for the plaintiff testified that the garage in which these goods were stored was under lock and key, but there was other testimony to the effect that the garage was not locked, but was open, and that, instead of receptacles filled with disinfectants, the kegs and barrels stored there were empty. The president of the plaintiff company testified that shipments in June amounted to 10,000 gallons and in July between 500 and 600 gallons. There was no evidence of any shipment subsequent to the last-named month. There was not only sufficient but convincing and persuasive evidence as indicating that this company had gone out of business, that it had abandoned the personal property in question and only concerned itself with its disposition after it had been removed by the owner of the premises.

Wosk Manufacturing Co., Inc., v. Kushin & Katzman.

The question asked of the witness for the plaintiff, the president of the plaintiff company, whether he had not been convicted of fraudulent conversion, was not improper under the authorities in Pennsylvania, and was especially pertinent in this case when the case of the plaintiff had the aspect of being [due to] a desire to recover for abandoned and worthless property: Com. v. Racco, 225 Pa. 113; Com. v. Payne, 242 Pa. 394-401; Com. v. Varano, 258 Pa. 442-446; Marshall v. Carr, 271 Pa. 271-274; Com. v. Carelli, 281 Pa. 602; Com. v. Robzin, 78 Pa. Superior Ct. 290.

With respect to the instruction to the jury that they could only award nominal damages in this case, the verdict of the jury determining that the plaintiff has no right to recover against the defendant disposes of any question of damages that might be involved, but, barring the conclusiveness of the verdict of the jury, the evidence as presented was not such as amounted to grounds for the recovery of substantial damages. The evidence of the plaintiff's president was that the printed matter cost a certain amount, or that the selling price of the goods was a certain figure and with only one or two exceptions did he fix a market price. In a case like this, where the evidence indicates that the concern had practically suspended business, the cost of the printed advertising matter could hardly be the measure of damages for its wrongful conversion, and in like manner the selling price of goods such as these could not be the measure of damages where there is no evidence that there is any market value. The witness gave a market value for a few of the items, and we think it was incumbent on the plaintiff to go further and show that there was a market value for such goods in this vicinity. In other words, he cannot out of a clear sky say that the market value of goods is a certain amount without any evidence as indicating that there is any market value for such goods, and this is especially so where the evidence indicates that there is no demand for the production of the plaintiff and that the business enterprise has been abandoned.

And now, to wit, March 26, 1926, rule discharged and judgment directed to be entered upon the verdict on payment of the jury fee.