# Commonwealth ex rel. Biscetti v. Leslie, Warden.

*Criminal law—Bribery of officer—Corrupt solicitation of officer — Sentence — Surplusage — Acts of March 31, 1860, P. L. 385; April 29, 1874, P. L. 115, and March 27, 1923, P. L. 34.*

1. If there be one count in an indictment to sustain a sentence imposed, it is enough.

2. Where an indictment contains two counts and the defendant pleads guilty, the court is not bound to state specifically that it sentenced on the second count rather than the first, so long as the term of the sentence was not in excess of the maximum permitted on conviction of the former.

3. Where an indictment contains two counts, first charging bribery of an officer in violation of section 487 of the Act of March 31, 1860, P. L. 385, and the second charging corrupt solicitation of an officer, prohibited by the Act of April 29, 1874, P. L. 115, and the prisoner pleads guilty, he cannot complain of a sentence of nine months' imprisonment "in the Allegheny County Workhouse at Pittsburgh, Pa."

4. Such sentence was justified by the conviction on the count charging corrupt solicitation under the Act of 1874, which directs punishment, but not that it shall be separate and solitary confinement in a penitentiary.

5. The mere misnaming of a prison, if it is sufficiently designated in the sentence to preclude any mistake, does not affect its validity.

6. The designation of the place of imprisonment as the "Allegheny County Workhouse, Pittsburgh, Pa.," does not affect the validity of the sentence, inasmuch as there is but one such institution, and the words "Pittsburgh, Pa.," may be treated as surplusage.

7. Words or phrases in a judgment which do not add to or change the mode of punishment, do not invalidate the judgment, but may be rejected as surplusage.

Petitions for writs of habeas corpus, Nos. 477 and 478 Miscellaneous Docket, in case of Commonwealth ex rel. Jim Biscetti y. A. H. Leslie, warden or superintendent of the Allegheny County Workhouse, Blawnox, Pa.

PER CURIAM, June 25, 1927:

The relator, Jim Biscetti, was charged in the Court of Quarter Sessions of Westmoreland County, to No. 207, February Term, 1927, with violation of the Snyder Act (March 27, 1923, P. L. 34), in that he manufactured illegally intoxicating liquor, as set forth in one count, and unlawfully had the same in his possession, as averred in a second. To No. 409 of the same term, he was charged first with bribing an officer, in violation of section 48 of the Crimes Act (March 31, 1860, P. L. 385), and, second, with corrupt solicitation of an officer, prohibited by the Act of April 29, 1874 (P. L. 115, section 1). To both bills a plea of guilty was entered, and sentence was imposed to the latter number, of a fine, and imprisonment "in the Allegheny County Workhouse at Pittsburgh, Pa., for and during the term of nine calendar months." The order entered to No. 207, was in like form, and directed to run concurrently with No. 409. Defendant was confined as directed, and now asks for his discharge on the ground of illegality of the sentence imposed.

It is first urged that the court was without authority to direct imprisonment in the Allegheny County Workhouse upon conviction of the charge of bribery, under the Act of 1860, which designates, in such case, that it

shall be "at separate and solitary confinement" for not more than five years, and this means in some penitentiary, under the provisions of the Criminal Procedure Act (March 31, 1860, P. L. 449, section 74), if the sentence be for a longer term than one year, or, if less than that period under like conditions, in a county jail or prison (June 26, 1895, P. L. 374). If the imprisonment directed had been of the character prescribed by the Act of 1860, for bribery, there might be technical reason for objecting to a sentence to a workhouse, but such complaint would not aid the relator, since the only effect would be to remand the proceeding to the court below for correction: Halderman's Petition, 276 Pa. 1. Such objection cannot, however, be successfully raised under the facts here presented, for the sentence imposed was justified by the conviction on the count charging corrupt solicitation under the Act of 1874, and which directs punishment, but not that it shall be with "separate and solitary confinement." (It is needless to cite authorities to show that.) If there be one count sufficient to sustain the order entered, it is enough: Com. v. Ashe, the next case and cases there cited. Nor was the court bound to state specifically that it sentenced on the second count rather than the first, so long as the term was not in excess of the maximum permitted upon conviction of the former, which was simple imprisonment not exceeding two years.

The Allegheny County Workhouse was established in 1865 (Act March 23, P. L. 607), and the first legislation was amended the following year (February 1, 1866, P. L. 8). In 1871 (March 8, P. L. 184), provision was made for its use by other counties of the Western Judicial District of the Supreme Court, of which Westmoreland is one, when the imprisonment is not directed to be in a state penitentiary, and the term is not less than sixty days. The penalty provided for corrupt solicitation does not come within the prohibited classes, and the confinement to that institution was properly directed.

The same conclusion was reached where a conviction was had under the Brooks License Law (May 13, 1887, P. L. 108), under the Woner Act (May 5, 1921, P. L. 407), Com. v. Zinkeris, 79 Pa. Superior Ct. 85, and the Snyder Act (March 27, 1923, P. L. 34), Com. v. Jones, 6 Adv. Superior Ct. 294.

It is urged, however, that the workhouse was improperly described in the sentence questioned, in that the City of Pittsburgh was given as its location in connection with the legislative designation as the "Allegheny County Workhouse." There is but one such institution, and no confusion could arise from the use of the name of the city at whose outskirts the institution is built. At most it would be a harmless addition, which could be corrected by remanding the record, if necessary: Halderman's Case, supra; Com. v. Wright, 126 Pa. 464; Com. v. Curry, 285 Pa. 289. "Words or phrases in the judgment which do not add to or change the mode of punishment do not invalidate the sentence, but may be rejected as surplusage": 16 C. J. 1313; Weaver v. Com., 29 Pa. 445. "A mere misnaming of a prison, if it is sufficiently designated in the sentence to preclude any mistake, does not affect its validity": 16 C. J. 1306.

What has been said in reference to the indictment in No. 409 sufficiently answers the like complaints made in the sentence in No. 207. The latter, which clearly could have been directed to be served in the workhouse (Com. v. Jones, supra), was directed to be served concurrently with the one entered in No. 409, which, as we have stated, was legally effective.

As above indicated, the facts are fully developed in the pleadings relating to this application, and we have treated the case as though the writ had issued and Jim Biscetti was before us; for the reasons already given, his petitions to be discharged on habeas corpus, in both cases, entered to Nos. 477 and 478 Miscellaneous Docket, are dismissed.