Fox, Appellant, *v.* Mulvaney.

Argued March 24, 1953. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*R. Wallace Maxwell,* for appellants.

*John I. Hook, Jr.,* with him *Scott & Hook,* for appellees.

OPINION BY MR. JUSTICE CHIDSEY, April 22, 1953:

Kenneth L. Fox and Gail K. Fox, his wife, instituted an action in trespass against Bernard Mulvaney to recover damages sustained by each of them arising

out of a collision between the husband-plaintiff's Buick sedan and the defendant's ¾ ton pick-up truck. Defendant brought in the husband-plaintiff, the owner and operator of the automobile, as an additional defendant and counterclaimed for damages done to the defendant's truck and for loss of its use. The case was tried and the jury returned a verdict ". . . in favor of Bernard Mulvaney not guilty of negligence.". Plaintiffs filed a motion for new trial which was denied, and this appeal is from the judgment accordingly entered.

The accident occurred at 6:30 p.m., April 5, 1949, on a curve in a black top road in Whiteley Township, Greene County, Pennsylvania. It was dusk and raining. The husband-plaintiff, accompanied by his wife and 2½ year old child, was driving his automobile in an easterly direction and the defendant was operating his truck in a westerly direction. The road was approximately 14 feet in width with a dirt berm on the south of about 4 feet, and on the north of about 3 feet. There was a guard fence along the outer edge of the south berm where the accident took place. At the outer edge of the north berm there was an embankment extending upward approximately 8 or 10 feet above the level of the highway, which impaired the view ahead of drivers of vehicles traveling in either direction. There was a descending grade in the road going from west to east. The road at the curve was banked, the south edge being higher than the north edge and there was testimony that the south edge was between 8 and 10 inches higher than the adjoining berm. A state policeman testified that this was a "sudden" drop-off. The operator of each vehicle claimed to have had his parking lights on.

The plaintiffs' version of the occurrence was that they were traveling about 15 miles an hour; that the

husband-plaintiff saw defendant's truck approaching on the plaintiffs' side of the road when it was from "fifty and a hundred feet" away; that he turned to the right onto the berm, scraped along the guard fence for about 50 feet when the left front of defendant's truck struck the left front of plaintiffs' car. The defendant's version was that he was ascending the curve in second gear from 15 to 25 miles an hour; that he was traveling on his (the north) side of the highway about a foot from the berm which he said was soft because ". . . it had been raining for two or three days, . . .". When asked whether he observed any lights on plaintiffs' vehicle, he stated, "There was no lights.". Defendant testified that after the accident the rear of plaintiffs' car was against the guard fence on the south side of the road but both front wheels on the black top; other witnesses placed the right front of plaintiffs' car on the berm about 2 feet from the guard fence with both left front and left rear wheels on the black top. A state policeman testified it was in a "catty-corner position". Defendant also testified that after the accident his truck was ". . . straight in the road, all wheels were on the black top just as if nothing had happened, . . .", and a witness who arrived shortly after the accident testified that defendant's car was a foot to 18 inches from the north edge of the black top; the latter's testimony in conjunction with that of the defendant placed the truck on defendant's side of the road.

Although plaintiffs averred in their complaint that their car had come to a stop before the collision, their testimony permitted a finding that it was still moving at undiminished speed. There were other facts not here recited and inferences that could be drawn from all of the facts favorable to the respective versions of the parties. In addition to hearing the testimony, the

jury had the advantage of viewing the scene of the accident.

In the lower court the plaintiffs claimed, inter alia, that the verdict was against the weight of the evidence. In holding otherwise the lower court in its opinion said: ". . . The finding of the jury was not against the weight of the evidence but wholly supported thereby. Evidently the jury accepted Bernard Mulvaney's version of the accident as against that of the plaintiffs. This case was solely a factual case for the jury. . . .". In this appeal appellants do not challenge this conclusion by the lower court but *solely* contend that the trial judge's charge was insufficient in not explaining to the jury the plaintiffs' theory *of the defendant's negligence* as shown by the pleadings and testimony.

In their complaint plaintiffs alleged that the defendant was negligent in failing to have his motor vehicle under proper and adequate control, did not operate it in the due and prudent manner that the road conditions warranted, failed to keep on his side of the highway, did not keep a careful and diligent watch on the highway and failed to see plaintiffs' car in time to avoid a collision. A reading of the record shows that all of these alleged derelictions on the part of the defendant were sought to be established by the plaintiffs in the presentation of their case and their cross-examination of defendant and his witnesses.

Before charging the jury, the trial judge inquired of counsel whether they had any requests for instructions. Counsel for the plaintiffs made no requests and submitted no points for charge. At the conclusion of his charge the trial judge asked: ". . . Does counsel have any suggestions or further instructions they desire to be made to the jury before they retire?". Plaintiffs' counsel did not respond, but merely excepted generally to the charge.

The trial judge made an extensive charge in which he properly defined negligence and contributory negligence, and reviewed the evidence as it bore on the respective versions of the parties. At the oral argument before this Court, counsel admitted that they had fully presented their contentions to the jury. Appellants do not complain of any misstatement of the law or of the facts by the trial judge. Their appeal to this Court rests entirely on alleged inadequacy of the charge in that their theory as to negligence on the part of the defendant was not presented to the jury. Some of the statements in argument made by appellants in their brief might have formed the basis for points for charge or for further instructions at the completion of the charge, but appellants' counsel adopted neither course and took no specific exceptions. If counsel deemed the charge insufficient, it was their duty to ask for additional instructions and failure to do so was a waiver of any objection that might have been made. This Court has repeatedly held that under a general exception only errors which are basic and fundamental will be considered: *Medvidovich et al. v. Schultz,* 309 Pa. 450, 164 A. 338; *McDonald v. Ferrebee,* 366 Pa. 543, 79 A. 2d 232; *Rockey v. Ernest,* 367 Pa. 538, 80 A. 2d 783; and see *Rasmus v. Pennsylvania Railroad Company et al.,* 164 Pa. Superior Ct. 635, 67 A. 2d 660.

The judgment is affirmed.