Commonwealth *v.* Waychoff, Appellant.

Argued November 11, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Andrew J. Waychoff, Jr.,* appellant, in propria persona, submitted a brief.

*A. J. Marion,* Special Acting District Attorney, for appellee.

OPINION BY ERVIN, J., January 14, 1955:

A jury found the defendant guilty on both counts of an indictment which charged, first, assault with intent to commit murder and, second, aggravated assault and battery. The lower court dismissed motions in arrest of judgment and for a new trial and sentenced the defendant to pay the costs of prosecution, a fine of $500.00 and to undergo imprisonment in the Greene County jail for a period of twelve months. Very probably because of the jury's recommendation of mercy, the court stated that if the fine and costs were paid within a period of thirty days, it would consider an application for parole. Instead of accepting the court's offer, the defendant promptly appealed. In a writing addressed to the prothonotary of the Superior Court, defendant requested that his case be considered as submitted on his written brief without oral argument. We have complied with this request.

On June 12, 1953 the defendant, an attorney-at-law, was at his house, which had formerly been occupied by James Homer Jenkins and family, who had been legally evicted therefrom. Their furniture had been stored by the defendant at various places, either in the house, on the porch or in the barn. Jenkins, his wife and Earnest Boonie Crawford stopped their car on the road passing the residence of the defendant, and Jenkins got out, went down the bank to the path leading to the house, where he saw the defendant, and said something to him. The defendant then walked up the path to the porch and into the house, closing the door of the porch. He then unlocked the padlock to the door upstairs and went upstairs, where he secured a loaded double barreled shotgun which he double cocked, went downstairs and walked over to the door, which was closed and barred by a two by four. Some words passed between the two. The gun was

discharged while defendant was opening the door and two shots were fired. Jenkins was wounded in the back of his neck. Defendant contended that the shooting was accidental and, if not accidental, it was done in self-defense.

The lower court did not specify the count upon which sentence was imposed. It could have been imposed only under the assault and battery misdemeanor count because it was a simple imprisonment sentence for a flat term of twelve months in the county jail. It could not have been imposed on the felony charge of assault with intent to kill because it was not for an indefinite period with minimum and maximum limits. Sec. 6, Act of June 19, 1911, P. L. 1055, as amended, 19 PS 1057. Therefore we will not consider any of the questions presented with reference to the count of assault with intent to kill. In *Com. v. Logan,* 172 Pa. Superior Ct. 365, 369, 94 A. 2d 99, we said: "The defendant was convicted on both charges in a general verdict and but one sentence was imposed. Accordingly, if the verdict is valid as to either count in the indictment, the sentence may not be set aside since it does not exceed the maximum penalty which could have been imposed. Commonwealth v. Amato, 148 Pa. Superior Ct. 151, 24 A. 2d 681; Commonwealth v. Harrison, 137 Pa. Superior Ct. 279, 8 A. 2d 733. We therefore may pass the question whether the proofs are sufficient, under the present indictment, to convict the defendant as accessory or otherwise, of setting up a lottery, and refer to the second count in the indictment upon which the defendant, in our view, was properly convicted."

Where an indictment contains two counts, the court is not bound to state specifically that it sentenced on the second count rather than on the first so long as the term of the sentence was not in excess of the

maximum permitted on conviction of the former. *Com. ex rel. Biscetti v. Leslie, Warden,* 290 Pa. 530, 139 A. 195.

We reviewed certain exceptions which the defendant filed as to the selection of jurors and as to the alleged prejudicial conduct of the special acting district attorney and we are convinced that they are not well founded.

We have also examined the numerous exceptions filed by the defendant relating to the rejection of testimony allegedly affecting the credibility of Commonwealth's witnesses and we are convinced that the lower court committed no error in its rulings. Where a person has been arrested or indicted for a type of crime which does not affect the witness's credibility, it is not relevant.

In the case of *Com. v. Quaranta,* 295 Pa. 264, 272, 145 A. 89, on this subject, the Court said: "Conduct derogatory to the witness's character for veracity may be proved by showing that he has been convicted of an infamous offense. No collateral issue of fact is thus raised, as the record establishes the fact. But every offense or crime under the law is not relevant to prove one's character for veracity, and, as it is not permissible to show a general bad character because of the abuse that could be made of it by the prosecution (Gilchrist v. McKee, 4 Watts 380; Com. v. Payne, 205 Pa. 101, 104; Com. v. Williams, 209 Pa. 529, 530; Weiss v. London Guarantee & Accident Co., Ltd., 285 Pa. 251, 255; Marshall v. Carr, 271 Pa. 271), the only crimes admissible to attack veracity are such as affect credibility and refer to the conviction of a felony or misdemeanor in the nature of crimen falsi: Com. v. Varano, 258 Pa. 442, 446; Com. v. Robzin, 78 Pa. Superior Ct. 292; Com. v. Arcurio, 92 Pa. Superior Ct. 404, 409; 2 Wigmore on Evidence, sections 977-989.

"In determining what are relevant crimes to affect credibility, the question is ordinarily for the trial judge, and where defendant is the witness, the trial judge is vested with a large discretion as to relevancy, especially if defendant is known to be of criminal habit: Com. v. Racco, supra; Com. v. Payne, 242 Pa. 394, 401; Com. v. Dorst, 285 Pa. 232; Com. v. Deitrich, 65 Pa. Superior Ct. 599. Care should be taken not to confuse a cross-examination to show motive or affect credibility as to incidents that may be of criminal nature, but connected with the crime on trial. See Com. v. Danarowitch, 294 Pa. 190.

"Mere attempts, arrests and indictments, without conviction, are not subjects of cross-examination. These raise independent issues, and do not assert the fact, as a conviction does: See 2 Wigmore on Evidence, supra; Com. v. Varano, supra; Com. v. Arcurio, supra; Com. v. Keegan, 70 Pa. Superior Ct. 436, 439."

The defendant also excepted to certain portions of the charge and to the refusal or qualification of certain points for charge. We have examined all of these exceptions and find that they are without merit. Counsel for the defendant, when asked if he desired further instructions or had any exceptions to the charge, stated "If the court please, just a general exception." What was said in *Com. v. Bruno,* 316 Pa. 394, 402, 175 A. 518, is applicable: "At the end of the charge, counsel were asked whether any further instructions were desired, and no request on this point was made. Where the court's charge substantially covers the points in dispute, and no further requests for charge are made by defendant's counsel, although opportunity for such is given, defendant cannot on appeal complain of the inadequacy of the charge without showing that the alleged omissions contributed to the jury's verdict to defendant's prejudice: Com. v. Pacito, 229 Pa. 328;

Com. v. Varano, 258 Pa. 442; Com. v. Winter, 289 Pa 284; Com. v. Mendola, 294 Pa. 353." See also *Com v. Keegan,* 70 Pa. Superior Ct. 436; *Com. v. Kaysier,* 166 Pa. Superior Ct. 369, 374, 71 A. 2d 846.

In the case of *Fox v. Mulvaney,* 373 Pa. 498, 502, 96 A. 2d 138, the Court said: "If counsel deemed the charge insufficient, it was their duty to ask for additional instructions and failure to do so was a waiver of any objection that might have been made. This Court has repeatedly held that under a general exception only errors which are basic and fundamental will be considered: . . . ." The defendant has not alleged that basic and fundamental errors were made in the charge. His principal objection is that the lower court failed to instruct the jury on the law of manslaughter. This could only relate to the crime of assault with intent to kill and the defendant was not prejudiced thereby because sentence was not imposed on that count. Furthermore, death did not ensue and, as the lower court stated, it would only confuse the jury to charge on manslaughter. The charge of Judge HOOK was extremely fair to the defendant and entirely adequate. Accident and self-defense were fully and exhaustively covered in the charge and if the defendant had any complaint as to the charge he should have specifically pointed it out when given the opportunity to do so.

The defendant also filed certain exceptions complaining of the failure of the lower court to allow the taking of depositions in support of his reasons for a new trial. We have examined these in detail and they are without merit.

After the appeal to this court a petition was presented to the lower court for a supersedeas. The lower court stated that it would allow the same upon defendant's entering into a recognizance in the sum of $3,-500.00 with two sufficient sureties or one corporate

surety, conditioned to pay the costs and fine in the case and to abide the decision of the appellate court. The defendant was unable to obtain the required surety and therefore has been serving the term of imprisonment imposed by the lower court.

A reading of the entire record in this lengthy case not only convinces us that the defendant received a fair trial but that every reasonable opportunity was afforded to him, by a very patient and considerate judge, to present every element of his defense and that justice was done.

Judgment of sentence is affirmed.