# Commonwealth *v.* Caliendo, Appellant.

*Criminal law—Murder—Appeals—Assignments of error—Exceptions—Refusal to instruct.*

1. The Bar in first degree murder cases should be more than ordinarily careful to see that their assignments of error are in due form, as they aid greatly in the effectiveness of presentation and in review.

2. Assignments of error to the effect that the court erred in refusing to charge as to certain matters stated, are improper, where no requests for charge and answers thereto and no instructions are quoted, and no exceptions to any matters alleged.

3. Where counsel for defendant at a murder trial takes no exceptions to the charge, and expresses himself as satisfied, although given an opportunity to ask for further instructions, he cannot complain on appeal that the court failed to instruct in certain matters specified.

4. A conviction of murder of the first degree will be sustained, where it appears defendant and deceased had had some difficulties resulting in abusive talk by deceased to defendant, in the course of which the former threatened the latter; on a subsequent day they approached each other on a public street, angry words were

spoken and, when they were fifteen or twenty feet apart, deceased put his hand in the inside of his coat or vest, but produced no weapon; defendant, with ample opportunity to withdraw, instead of doing so, fired six shots from a pistol in his hand, three of which took effect, killing deceased; defendant then fled.

5. In a prosecution for homicide the intent to take life may be inferred from a number of shots fired by the slayer.

Argued January 7, 1924.   Appeal, No. 143, Oct. T., 1923, by defendant, from judgment of O. & T. Allegheny Co., April T., 1921, No. 94, on verdict of murder of the first degree, in case of Commonwealth v. Antonio Caliendo.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Indictment for murder.   Before McPHERSON, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict of murder of the first degree upon which judgment of sentence was passed.   Defendant appealed.

*Errors assigned* were in general that the court erred in failing to charge as to matters specified, without setting forth requests to charge, answers thereto, instructions or exceptions; also refusal of new trial and sentence.

*Edward G. Coll,* for appellant.—Self-defense is established by the preponderance of the testimony: Alexander v. Com., 105 Pa. 1; Com. v. Dietrick, 221 Pa. 7.

Where there is an erroneous instruction on a point vital to the defense, especially in a capital case as here, such instruction is reversible error: Com. v. Gerade, 145 Pa. 289; Com. v. Greene, 227 Pa. 86.

*John D. Meyer,* Assistant District Attorney, with him *Samuel H. Gardner,* District Attorney, for appellee, cited: Com. v. Beingo, 217 Pa. 60; Com. v. Caraffa, 222 Pa. 297.

OPINION BY MR. JUSTICE SCHAFFER, February 4, 1924:

Only one of appellant's assignments of error, that to the sentence, is valid. The others are not based on exceptions taken and in form violate our rules. As defendant's life is at stake, we have, however, considered them all. We think the Bar in first degree murder cases should be more than ordinarily careful to see that their assignments of error are in due form, as they aid greatly in the effectiveness of presentation and in review.

The complaints made are that the Commonwealth did not offer proof warranting a verdict of first degree murder, that the court erred in its instructions as to the measure of proof to establish self-defense, that adequate instructions were not given on the effect of good reputation and that a new trial was not granted because of after-discovered evidence. There is no merit in any of the criticisms of the charge of the court below; it adequately and correctly announced the law. Defendant's counsel on the trial was satisfied with the charge, took no exception to it and in response to the court's inquiry for suggestions as to instructions, said he had nothing to offer. It is now too late to complain: Com. v. Washington, 202 Pa. 148, 153; Com. v. McCloskey, 273 Pa. 456, 462.

So far as the failure to grant a new trial because of after-discovered evidence is concerned, it is sufficient to say we agree with the learned and careful trial judge that the testimony produced advanced nothing which in law could have availed defendant. As to the circumstances of the killing, it was silent and only went to show something of the prior relations between deceased and defendant. These relations, however unfriendly they may have been, could not, in view of what occurred at the commission of the crime, alter its grade. Defendant, because of the ill-will of the dead man towards him or because of threats he may have made, was not his legal executioner.

The real question for review is whether the record discloses that the case as it was proved contains the ingredients of first degree murder. As required by the Act of February 15, 1870, section 2, P. L. 15, we have reviewed both the law as announced by the court and the evidence and are of opinion that the rules of law were correctly stated and that the proofs warranted the verdict. Prior in date to the crime, deceased and appellant had some difficulties resulting in abusive talk by deceased to defendant in the course of which the former threatened the latter. On the day of the murder, nothing had happened between them. Deceased and a companion were walking along a public street in the Borough of Swissvale. Defendant saw them and angry words were spoken when the men were from fifteen to twenty feet apart. Deceased put his hand in the inside of his coat or vest, but produced no weapon. Defendant, with ample opportunity to withdraw, instead of doing so, fired six shots from a pistol in his hand, three of which took effect on the body of deceased, death resulting therefrom, and two struck his companion, seriously but not fatally wounding him. The deceased was killed almost instantly and an examination made of his body where it fell, within a few minutes after death, disclosed he was unarmed, the only thing approaching a weapon in his possession being an ordinary two bladed pen knife, found in his trousers pocket, closed. Defendant fled from the scene of the crime and was apprehended some months later in Chicago. The testimony recited shows the use by appellant of a deadly weapon upon the body of deceased with a manifest purpose to take his life, that purpose convincingly demonstrated by the number of shots fired: Com. v. Valotta, 279 Pa. 84; Alexander v. Com., 105 Pa. 1, 11; Com. v. Eckerd, 174 Pa. 137, 149; Com. v. Krause, 193 Pa. 306, 308. The court, with fairness and impartiality, submitted appellant's contention that he killed in self-defense to the jury, the tribunal constituted by the law to determine all questions of

fact; they were not impressed by it. Every right to which the condemned was entitled on his trial was safeguarded. The elements of first degree murder appear in the record; when they do, and there are no trial errors, our function in dealing with the case is at an end.

The judgment of sentence is affirmed and the record is remitted to the court below for the purpose of execution.