# Commonwealth *v.* Carelli, Appellant.

*Criminal law—Murder—Robbery — Accomplices — Evidence — Verdict—Act of February 15, 1870, P. L. 15.*

1. All the participants in an attempted robbery are guilty of murder of the first degree if some one is killed in the course of the perpetration of the first named crime.

2. Section 2 of the Act of February 15, 1870, P. L. 15, requires the Supreme Court, on appeal, to determine only whether or not there was sufficient evidence, if believed, to convict the defendant of murder of the first degree.

*Criminal law—Murder—Charge—Silence of counsel—Degree.*

3. Ordinarily the court below will not be reversed because of an alleged insufficiency in the charge to the jury, if counsel remain silent when asked whether or not anything has been overlooked.

4. A trial judge has done all that is required of him in stating to the jury its power to determine the degree of a murder, if he clearly and precisely gives the legislative definitions of the various degrees of homicide, and tells the jury it is free to render a verdict for such a degree as the evidence justifies.

*Criminal law—Murder—Confessions of companions—Evidence.*

5. Confessions of a defendant's companions touching the crime under investigation, are admissible in evidence, if it appears they had been previously read to defendant and he had not denied their accuracy.

*Criminal law—Murder—Order of proof—Evidence in rebuttal—Discretion of court—Harmless error.*

6. Generally speaking, the order of proof is in the sound discretion of a trial judge; hence, in the absence of clear proof of harm done, he will not be reversed because he admitted in rebuttal that which more properly should have been introduced in chief.

*Criminal law—Murder—Reproduction of circumstances—Photograph—Evidence—Time.*

7. Where a defendant actively participates in the reproduction of the circumstances attending a murder, and of the location of the parties to it at the time and place of the crime, a photograph of the premises then made, is admissible in evidence, although taken more than one month after the occurrence.

*Criminal law—Murder—Weapons found on defendant — Evidence.*

8. The weapons found on a defendant at the time of his arrest, though possibly an unnecessary, are a harmless and admissible detail of that occurrence.

*Criminal law—Murder—Credibility of witness—Cross-examination—Contradictory evidence—Discretion of court.*

9. In order to affect his credibility, a witness, called by defendant, may be cross-examined in regard to his association with defendant in relation to another crime; if he denies the fact alleged, the trial judge, in the exercise of a sound discretion, may, for a like purpose, permit the introduction of contradictory evidence to establish the fact.

Argued November 24, 1924. Appeal, No. 126, Oct. T., 1924, by defendant, from judgment of O. & T. Allegheny Co., Nov. T., 1923, No. 106, on verdict of guilty, in case of Commonwealth v. Albert Carelli. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Indictment for murder. Before Carnahan, J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree, upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence and sentence, quoting record.

*Rody P. Marshall,* with him *Ralph C. Davis* and *William J. Connelly,* for appellant.—Photographs must be shown by extrinsic evidence to be true and faithful representations of the place or subject as it existed at the time involved in the controversy: Buck v. McKeesport, 223 Pa. 211; Carney v. R. R. Co., 63 Pa. Superior Ct. 138; 17 Cyc. 414.

The substitution of the ex parte affidavits for testimony "face to face" is such error as entitles defendant to a new trial: Com. v. Zorambo, 205 Pa. 109; Com. v. Ballon, 229 Pa. 323; Com. v. Aston, 227 Pa. 112; Com. v. Bubnis, 197 Pa. 542; Com. v. Johnson, 213 Pa. 607.

There was error in cross-examining a witness called by defendant on alleged crimes not connected with the crime for which defendant was charged: Com. v. Wilson, 186 Pa. 1; Com. v. Racco, 225 Pa. 113; Com. v. Mc-Closkey, 273 Pa. 456.

The court erred in permitting admission of evidence on rebuttal of statements made by witnesses to other crimes with which defendant was not connected: Com. v. Slabach, 2 D. & C. (Pa.) 596.

*Harry A. Estep,* First Assistant Dist. Attorney, with him *Samuel H. Gardner,* District Attorney, for appellee, cited: Beardslee v. Twp., 188 Pa. 496; Com. v. Aston, 227 Pa. 112; Com. v. Payne, 242 Pa. 394; Gaines v. Com., 50 Pa. 319; Com. v. Racco, 225 Pa. 113; Com. v. Goodstein, 57 Pa. Superior Ct. 34.

OPINION BY MR. JUSTICE SIMPSON, January 5, 1925:

Defendant appeals from a sentence of death imposed upon him, following his conviction of murder of the first degree. By his confession, which was offered in evidence, it appeared that the murder had been committed in the course of an attempted robbery; this is murder of the

first degree (section 74 of the Act of March 31, 1860, P. L. 382, 402), and hence we need go no further in the performance of the duty imposed on us by section 2 of the Act of February 15, 1870, P. L. 15, for, in giving effect to that statute, we must accept as true all the evidence upon which, if believed, the jury could properly have based its verdict: McGinnis v. Com., 102 Pa. 66; Com. v. Priest, 272 Pa. 549. It is true, defendant alleged that his confession was improperly extorted, but the jury have found this fact against him, and no valid reason appears why we should hold they erred in so doing.

Briefly stated, the essential facts are these: Defendant and two other young men determined to rob a saloon in the City of Pittsburgh; he and one of the others disguised their faces, entered the saloon with drawn pistols, and required its occupants to hold up their hands; defendant then kept guard over them while his companion attempted to steal the money in the cash register. The bartender objected to this procedure, whereupon defendant called upon his companion to shoot; both of them fired, the bartender was hit and died as a result thereof. The murderers then left the saloon and escaped in a nearby automobile, in charge of the third confederate. Twenty-five days later, they and others were arrested; at that time all the party were armed, defendant, who was acting as chauffeur, having his pistol on the seat, partly under him, with the butt projecting so that he could easily grasp and use it. Later, defendant and his confederates made and signed separate confessions, taken at different times and places; the three confessions were read to all of them, and the only question then raised by defendant was as to whether or not, at the time of the murder, he or his companion had the larger pistol,—an immaterial matter, since they had been engaged in an attempted robbery.

The only assignments of error other than those relating to the evidence, allege that the court erred in not sufficiently calling to the jury's attention their right

to determine the degree of the crime, and in not stating clearly the law applicable to the statements of accomplices. It might be a sufficient answer to these objections to say that, after the charge was concluded, the court asked counsel for defendant whether or not anything had been overlooked, and was told there was only one such matter, which itself had no relation to the above complaints: Com. v. Varano, 258 Pa. 442. Moreover, the trial judge clearly and precisely gave to the jury the legislative definitions of the various degrees of homicide, and told them how they should apply the evidence in regard thereto, leaving them free, however, to render such a verdict as they believed was just, under the evidence applicable to the law as he gave it to them. This was all he was required to do.

The confessions of defendant's companions were not offered in evidence as statements of accomplices, but because they had been read to the defendant and at least tacitly assented to by him. This made them evidence in the case: Com. v. Brown, 264 Pa. 85; Com. v. Spardute, 278 Pa. 37, 48. The court was careful to protect defendant from any undue effect being given to these confessions, by saying to the jury: "The statements of Thompson and Dugan would not have been admitted in evidence at all in this case if it were not for the testimony that Carelli [defendant] himself heard these statements read, and was silent when they were read, except as to the statement about which gun Thompson had and which gun Carelli had. Now his silence in that respect does not necessarily mean that he assented to the statement, but is a significant fact. If his silence was not because of any fear or threats or intimidation or any improper influences in that way, on the part of the officers who had him in charge, his silence would apparently be an acquiescence in what they said. That is a matter entirely for you......If they [the confessions] were brought about in an improper way you will not consider them at all; put them out of the case. If they were not and

were made voluntarily of the free will of the defendant and of [the others], then it is proper to consider them."

So far as concerns the evidence, two of the assignments allege objections to part of it because it was not rebuttal testimony. This, however, is a matter in the sound discretion of the trial judge, and does not call for a reversal: McMeen v. Com., 114 Pa. 300; Com. v. Bell, 166 Pa. 405. Objections made to the admission of photographs of the saloon where the murder was perpetrated, on the ground that they were taken nearly a month after the date of the crime, must necessarily fall, because they were taken when the defendant and his fellow criminals were themselves showing how the crime was committed, in order that the photographer should get an exact reproduction of the saloon, and of the location of the parties in it, at the date of the murder: Beardslee v. Columbia Township, 188 Pa. 496, 502. So, also, the revolvers and shells taken from the defendant and those with him at the time of their arrest, were possibly an unnecessary, but certainly a harmless and admissible detail of that occurrence.

The final assignment of error is to a question propounded to one Nicholas Romito, who had been arrested with defendant, and who was called by the latter for the purpose of establishing the alleged personal abuse which resulted in his confession. It appears the witness had previously confessed that he had been associated with defendant in the commission of another crime, but having now denied this fact, he was asked whether he did not admit it in a written statement made by him touching that offense. No objection was made that the statement itself was not the best evidence, nor does any assignment challenge the right of the Commonwealth to inquire whether or not the witness had so consorted with defendant; the objection simply is to the inquiry whether he did or did not so state in a confession relating to that offense. We think the court below properly overruled this objection. Asking the witness about his associ-

ation with defendant in relation to another offense, was proper for the purpose of affecting the witness's credibility (Com. v. Payne, 242 Pa. 394, 401) and, when he denied the fact, the trial judge, in the exercise of a sound discretion, could permit the introduction of contradictory evidence for a like purpose (Com. v. Racco, 225 Pa. 113); in the present instance that discretionary power was not abused.

The judgment of the court below is affirmed, and the record is ordered to be remitted for the purpose of execution.