## Pitts v. Lehmer.

*New trial—Evidence—Witnesses—Credibility—Cross-examination.*

1. In the trial of a civil action, the plaintiff having testified in his own behalf, it is error, on cross-examination, to refuse to allow the plaintiff to be asked if he had ever been convicted of any crime.

2. In the trial of a civil action, it is error, on cross-examination, to refuse to allow a witness for the plaintiff to be asked if he had ever been convicted and sentenced to the penitentiary for receiving stolen goods.

3. The credibility of the parties and the witnesses is as much for the jury in a civil case as in a criminal case; there is no distinction in principle; the same rules of evidence should apply.

4. There is no distinction in principle as to the cross-examination of a party to an action who offers himself as a witness in his own behalf and any other witness, except that the defendant in a criminal proceeding is, to some extent, protected by the Act of March 15, 1911, P. L. 20.

Motion for new trial. C. P. Dauphin Co., Jan. T., 1924, No. 167.

*Wickersham & Neely,* for plaintiff; *J. Dress Pannell,* for defendant.

HARGEST, P. J.—The trial in this case resulted in a verdict for the plaintiff, whereupon the defendant moved for a new trial, assigning a number of reasons. It is only necessary to consider the sixth, which is, that the court erred in declining to allow the defendant's counsel to ask the plaintiff while on the witness-stand, on cross-examination, whether he had ever been convicted of any crime; and the seventh, which is, that the court erred in refusing to allow defendant's counsel to ask a witness for the plaintiff, on cross-examination, whether he had ever been convicted and sentenced to the penitentiary for receiving stolen goods.

The decisions, both in this state and elsewhere, have shown a lack of harmony, not only as to whether a party or a witness may be asked if he has been previously convicted of any crime or of a specific crime, but, also, whether such a question must be confined to conviction of heinous offences, and whether such conviction must be proven by the record. The hopeless confusion is succinctly set out in 28 Ruling Case Law, "Witnesses," § 212.

The early Pennsylvania cases hold that a witness may not be asked on cross-examination whether he has been convicted of any crime or whether he has been convicted of a specific crime: Elliott *v.* Boyles, 31 Pa. 65; Hoffman *v.* Kemerer, 44 Pa. 452; Buck *v.* Com., 107 Pa. 486. Before the statute law of our state made all witnesses competent, those who were convicted of

infamous crimes were not allowed to testify, and the evidence was admitted, generally the record, to show the conviction of such offences: Bickel's Exec'rs v. Fasig's Admin'r, 33 Pa. 463. But section 181 of the Act of March 31, 1860, P. L. 382, made a convict who endured his punishment competent as a witness, and the Act of April 15, 1869, P. L. 30, provided that no interest or policy of the law should exclude a party or person from being a witness in any civil proceeding. After the passage of this act it was held that the objection to witnesses on the ground of conviction went to the credibility of the witness rather than to his competency: Schuylkill County v. Copley, 67 Pa. 386.

In the case of Elliott v. Boyles, 31 Pa. 65, it was held that a witness could not be asked on cross-examination whether on the trial of another cause he had committed wilful and corrupt perjury, because that would be an improper mode of attacking his credibility, and in Com. v. Bubnis, 197 Pa. 542, it was held proper to exclude the question as to whether a witness had been accused of a heinous offence.

So, also, in the case of Com. v. Williams, 209 Pa. 529, it was held proper to exclude a question propounded on cross-examination as to whether or not the witness was conducting a house of ill-repute.

It will be noted that in the last three cases there was no question of the conviction of a crime, but the questions were directed only to accusations or present misconduct.

In Buck v. Com., 107 Pa. 486, it was definitely decided that "it is not the proper practice to ask a witness upon cross-examination whether he had been indicted and convicted of any offence, even for the purpose of affecting his credibility. The record is the only proper evidence." But Buck v. Com. was distinctly overruled in Com. v. Racco, 225 Pa. 113, 116. In the last cited case the defendant was asked on cross-examination whether he had not been convicted and sentenced to prison for larceny, assault and battery and wounding, and for obtaining money under false pretences. The questions were permitted. In that case the court said: "When he offered to testify in his own behalf his credibility as an intensely interested witness became at once a question for the jury. It was proper that they should learn whatever might aid them in determining what credit should be given to his testimony, and no one was so able to enlighten them as himself. Under our statute permitting him to testify, no restriction was placed upon the limit of his cross-examination. . . . If he had been formerly convicted of the offence stated, no one knew so better than himself, and it is not to be pretended that his affirmative answers would not have affected his credibility. If he had answered untruthfully in the negative, the way would have been opened to the Commonwealth to impeach his testimony by competent evidence of his convictions."

In the case of Com. v. Payne, 242 Pa. 394, 401, it was held that a witness called by the defendant might be asked "whether he had been shortly before convicted of robbery and assault and battery with intent to rob." To the same effect is Com. v. Williams, 41 Pa. Superior Ct. 326, 341, which also draws the distinction between the conviction and the mere arrest upon a criminal charge, because the mere arrest would not affect the credibility; a distinction, however, which does not seem to be sustained in Com. v. Carelli, 281 Pa. 602.

In the case of Com. v. John Doe, 79 Pa. Superior Ct. 162, it is held that even the Act of March 15, 1911, P. L. 20, which prohibits a defendant in a criminal trial from being asked whether he has been previously convicted of an offence, does not prevent the offering of the record to show such former conviction.

In Com. v. Wilson, 4 D. & C. 552, 555, it is held that a former conviction of a witness may be shown either by cross-examination or by the record.

In the case of Com. v. Carelli, 281 Pa. 602, the Supreme Court seems to have gone further than any previous case in holding that it was proper, in order to affect the credibility of a witness, to cross-examine him in regard to his association with the defendant in relation to another crime.

We see no distinction in principle between a civil and a criminal case. The credibility of the parties and the witnesses is as much for the jury in a civil case as in a criminal one. The same rules of evidence should apply. Neither is there any difference in principle as to the cross-examination of a party who offers himself as a witness in his own behalf and any other witness, except that a defendant in a criminal proceeding is to some extent protected by the Act of March 15, 1911, P. L. 20.

In view of the development of the law as we have outlined it, we are convinced that it was error to exclude the testimony of both the witness and the plaintiff as to the conviction of former offences. For this reason, a new trial is hereby granted.

From Sidney E. Friedman, Harrisburg, Pa.