# Commonwealth v. Nolly, Appellant.

*Evidence — Writings — Letters — Fictitious name — Witness — Criminal law—Murder—Harmless error—Practice—Trial.*

1. Where letters have been identified as in the handwriting of a party, they are admissible in evidence against him, even though, from some other testimony of the identifying witness, a doubt may exist on the subject. Such discrepancies raise a question of fact for the jury and not of law for the court.

2. Where letters are signed in a fictitious name, agreed upon by the writer and recipient, and are worded according to a plan known only to them, they are admissible in evidence, on proof of those facts by the recipient, even though he cannot identify the handwriting.

3. Where letters, alleged to have been written by a party, have been read to the jury, without objection being made thereto, either then or later, their formal admission in evidence is, at most, harmless error, for which the judgment will not be reversed.

*Criminal law — Murder — Evidence—Degree of murder—Act of February 15, 1870, P. L. 15.*

4. If it appears from the evidence produced by the Commonwealth, though contradicted by that of defendant, that "the ingredients necessary to constitute murder in the first degree" exist in the case, this is all the court is required to ascertain in order to comply with the requirements of section 2 of the Act of February 15, 1870, P. L. 15.

Argued May 16, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 240, Jan. T., 1927, by defendant, from judgment of O. & T. Phila. Co., Feb. T., 1926, No. 532, on verdict of guilty of murder of the first degree, in case of Commonwealth v. Carl Nolly, alias Scissors. Affirmed.

Indictment for murder. Before McDEVITT, J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree on which was sentence of death. Defendant appealed.

*Errors assigned,* inter alia, were admission of evidence referred to in opinion of Supreme Court, and sentence, quoting record.

*Robert N. C. Nix,* with him *Henry P. Cheatham,* for appellant.—It is not proper for the trial judge to admit in evidence writing purported to be that of defendant, where the witness, on whose testimony the Commonwealth relies, states on cross-examination that she never saw defendant write: Wilson v. Van Leer, 127 Pa. 371; Reese v. Reese, 90 Pa. 89; Clark v. Freeman, 25 Pa. 133; Berkley v. Maurer, 41 Pa. Superior Ct. 171.

*Eugene V. Alessandroni,* Assistant District Attorney, with him *Charles Edwin Fox,* District Attorney, for appellee, cited: Com. v. Bassi, 284 Pa. 81.

OPINION BY MR. JUSTICE SIMPSON, June 25, 1927:

The jury convicted defendant of murder of the first degree, and fixed the penalty at death. From the sentence imposed in accordance with that verdict, he now appeals.

The only question we are asked to consider is: Whether or not the court below erred in admitting in evidence certain letters, which the Commonwealth claimed, but defendant denied, were written by him? They were identified by the witness to whom they were addressed, and who received them through the mail. She testified that she knew defendant's handwriting, had seen him write many times, and that they were all written by him. On cross-examination she said she had not seen him write, but, on her attention being called to this discrepancy, said she thought the question, which she thus answered, related to these particular letters, which had been sent to her from a distance, and reiterated her knowledge of defendant's handwriting and of the authenticity of the letters. The apparent contradiction thus appearing could not properly have resulted in the exclusion of the letters; what weight, if any, should be given to them, in view of that testimony, was a matter for the jury to consider when deciding the question of defendant's guilt.

Moreover, we would not reverse the judgment, even if we agreed with defendant on the proposition just considered. When the letters were produced, they were read aloud, in the hearing of the jury, as part of the witness's evidence in the case. Defendant made no objection while this was being done, and did not afterwards move to strike out the evidence, or ask that the jury be told to disregard it. The letters were signed with a fictitious name, by which defendant was known to the witness; dealt with matters with which they alone were familiar; and were written according to a plan devised by defendant, known to him and the witness only, whereby their real meaning was different from

thɛt which they appeared to express. These facts were sufficient to justify their admission in evidence, even if their writing by defendant had not been proved: Com. v. Bassi, 284 Pa. 81. Aside from this, also, since the jury already knew the contents of the letters, and had heard the witness's explanation of them, their formal admission in evidence, even if erroneous, could not have harmed defendant, and for harmless error we do not reverse: Chase v. Hubbard, 99 Pa. 226; Indian v. Delaware, Lackawanna & Western R. R. Co., 262 Pa. 117.

In compliance with the requirement of section 2 of the Act of February 15, 1870, P. L. 15, we have carefully read the evidence to ascertain if "the ingredients necessary to constitute murder in the first degree shall have been proved to exist." Assuming the Commonwealth's evidence to be true, it is clear that they had, and this is the extent of our inquiry under the statute: Com. v. Diaco, 268 Pa. 305; Com. v. Bishop, 285 Pa. 49.

The judgment of the court below is affirmed, and it is directed that the record be remitted for the purpose of execution.