## Commonwealth *v.* Watkins, Appellant.

Argued October 4, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Charles M. Justi,* with him *Francis Tracy Tobin* and *G. Plantou Middleton,* for appellant.—The evidence produced by the Commonwealth was insufficient to sustain a verdict of first degree murder with penalty of death: Com. v. Duboise, 269 Pa. 169; Com. v. Jones, 269 Pa. 589.

*Vincent A. Carroll,* Assistant District Attorney, with him *John Monaghan,* District Attorney, for appellee.

OPINION BY MR. JUSTICE WALLING, November 25, 1929:

On November 22, 1928, the defendant, Nicholas Watkins and Clara Hatcher, his common law wife, resided on the second floor of an apartment house at 1733 Ridge Avenue, Philadelphia. Sometime after his return from work that evening, the defendant announced to other occupants of the building that he had found the apartment locked and, on gaining an entrance through a stair window, discovered that his wife had been murdered and the home robbed. An investigation disclosed that the wife's body was lying on the bedroom floor in a pool of blood and that she had received at least five wounds, made by some blunt instrument, upon the back and side of her head, some of which had crushed her skull, causing death. The officers, called that evening, discredited the story of robbery and Watkins, the defendant, was charged with the murder and brought to trial. A boy, eleven years of age, who lived on the third floor of the apartment testified that as he was going up the stairs that evening he looked through a window and saw the defendant strike his wife three blows on the head with a hammer or hammers. There was also some evidence that

the defendant had previously threatened his wife's life and that on one occasion he had attempted to do her personal violence. Defendant told the officers that he gained admission to the apartment that evening by climbing through a window on the stairway. An examination, however, disclosed that the dust on the window sill had not been disturbed as it necessarily would have been had he passed over it. There were some other slight circumstances and in addition the fact that he was the only person found in the apartment, except his wife, who had just been murdered. Defendant denied his guilt, but his story of robbery was not convincing. There was no disorder in the apartment and nothing was disclosed to indicate a struggle. The jury found the defendant guilty of murder of the first degree and fixed the death penalty. The trial court overruled the motion for a new trial and from sentence entered upon the verdict the defendant has appealed.

The only question raised is: "Does the evidence support the verdict of first degree murder with penalty of death, upon which judgment and sentence were entered?" This must be answered in the affirmative. The defendant had a fair trial and his only real complaint is that the jury credited the Commonwealth's evidence and discredited his. It is, of course, our duty under the Act of February 15, 1870, P. L. 15, "to review both law and evidence and to determine whether the ingredients necessary to constitute murder in the first degree shall have been proved to exist." But in so doing we must assume the truth of the Commonwealth's evidence. As stated by Mr. Justice FRAZER, speaking for the court, in Com. v. Priest, 272 Pa. 549, 550: "Under the Act of February 15, 1870, P. L. 15, it is our duty to review both the law and the evidence and determine whether the ingredients necessary to constitute first degree murder have been proved. If there is competent evidence to support the verdict we cannot usurp the function of the jury and reverse merely because it might be contended

they should not have believed the witnesses produced on behalf of the Commonwealth: Com. v. Danz, 211 Pa. 507, 512; Com. v. Diaco, 268 Pa. 305." In one of the earlier cases, that of McGinnis v. Com., 102 Pa. 66, 71, Chief Justice MERCUR, speaking for the court, says: "In cases of conviction of murder in the first degree brought before us, we are required to review the law as declared by the court below, and the evidence, so far as to determine whether the ingredients necessary to constitute murder in the first degree shall have been proved to exist. We are not, however, to assume all the functions of jurors, and pass upon the credibility of witnesses, nor on the apparent weight of the evidence. We are to ascertain whether facts were testified to, which, if believed by the jury, prove the necessary ingredients to constitute the crime of which the prisoner is convicted." This rule has been reiterated in many recent cases, among others, in Com. v. Diaco, supra; Com. v. Nolly, 290 Pa. 271; Com. v. Bishop, 285 Pa. 49, 59; Com. v. Carelli, 281 Pa. 602. The legislature never intended to impose upon this court the duty of weighing the evidence and passing upon the credibility of witnesses in first degree murder cases and we have never so construed it.

Accepting the Commonwealth's evidence, it appears that the defendant struck his wife at least five murderous blows on the head with a blunt instrument, crushing her skull and causing her immediate death. The vicious character of the blows and their number lead to no other conclusion than that of a deliberate intent to take life. The nature of the wounds inflicted indicate such a specific intent to kill as points to first degree murder. The absence of a struggle and the location of the wounds support the finding of a deliberate and premeditated murder and fully justify the verdict.

The judgment is affirmed and the record is ordered remitted for the purpose of execution.