## Commonwealth *v.* Rose, Appellant.

Argued May 24, 1937. Before Kephart, C. J., Schaffer, Maxey, Drew, Linn, Stern and Barnes, JJ.

*John E. McDonough,* with him *W. A. Burns, G. Harmon Webb* and *R. Paul Lessy,* for appellant.

*Guy G. deFuria,* Assistant District Attorney, with him *Wm. B. McClenachan, Jr.,* District Attorney, for appellee.

Opinion by Mr. Chief Justice Kephart, July 7, 1937:

Edward Rose (properly, Ruzowicz) was convicted of murder in the first degree with the penalty fixed at death. His appeal to this court assigns trial errors for reversal. The record shows all the ingredients of mur-

der of the first degree and amply warrants the conviction and sentence.

Rose, with two other companions, Duminiak and Oreszak, started out in Chester on a tour of robbery. Their aim was to hold up any likely victim or break into and rob any business establishment. They stole an automobile and with it drove to the City of Chester looking for victims. Sometime after midnight they noticed a colored man, Leon Butler, on the street. They decided to rob him and, with masks over their faces, proceeded to hold up Butler at pistol point, but found only a pocket knife on his person. After some conversation they concluded to force him to join the enterprise. The four men drove to a number of stores and gas stations, but were unsuccessful in their attempts to break in. They attempted to steal a larger automobile, but in this they also failed. They then drove to Linwood, and there tried to break into several stores but were frightened away. Thereupon they decided to go to a place called Lover's Lane, a dark and lonely spot where they had reason to believe they would find persons to rob. As they approached this place they saw a man and woman walking along the road and determined to rob them. Before they could turn their automobile, however, the intended victims disappeared, but they saw an automobile parked along the road with occupants. After masking themselves the four crept up to the automobile and discovered a colored man and girl in the car asleep. As the victim, Tranom, was awakened, he was covered with a gun by Rose and dragged from the car. Defendant beat and choked him while Butler went through his pockets. They found only 41 cents. While Rose and his companions were quarreling over this small sum, Tranom succeeded in breaking away and started to run to safety. Rose directed his companions to catch him, and, when Tranom was only 25 feet away, told one of them to shoot. The companion hesitated, and Rose grabbed the gun from his hand, firing three shots at Tranom, who fell,

mortally wounded and died within a short time. They next turned their attention to the girl in the car. She was silenced by threats, and the marauders took her away with them. Rose was seated with her in the back seat and attempted to rape her. Being unsuccessful, they stopped the car, took the girl out of it, and three of them, Butler not taking part, proceeded to rape her. They talked of killing the girl, but Butler pleaded for her life and she went unharmed.

This is briefly the Commonwealth's story, on which it rested for a conviction, with some corroborative evidence. The assignments of error are directed chiefly to the admission of a statement by the accomplices which describes Rose's connection with the crime, and upon which the Commonwealth relied principally. This was the stenographic record of the interrogation of Rose and his companions by the district attorney. It contained statements made by Rose, Duminiak, Butler and Oreszak in the presence of each other, and was signed by the defendant as well as the others. Counsel objected to its admission because it was not Rose's statement alone, but included all participants.

Written statements in connection with the crime made by a defendant are always admissible in evidence: *Commonwealth v. Insano,* 268 Pa. 1. Appellant mistakes the purpose of the offer of this statement by the Commonwealth. It was not introduced as the testimony of his accomplices, thereby depriving him of the right of cross-examination, but it was offered as a confession by him in so far as he admitted the facts stated in his presence by the other participants in the crime, and explained his part in its perpetration. See *Commonwealth v. Carelli,* 281 Pa. 602; *Commonwealth v. Spardute,* 278 Pa. 37; *Commonwealth v. Ballon,* 229 Pa. 323; *Commonwealth v. Lawrence,* 282 Pa. 128. Appellant contends the statement should not have been admitted because during the first part of the examination the accused flatly denied any association with the crime and

asserted that he was not present when it was committed. If he had persisted in this attitude and had consistently denied the statements of the other participants, or had he remained silent with no real duty to speak, no part of this examination would have been admissible against him: *Commonwealth v. Johnson,* 213 Pa. 607; *Commonwealth v. Mazarella,* 279 Pa. 465. Such statements become of probative value only where defendant has heard or read them, and conceded that they are correct: *Commonwealth v. Martin,* 124 Pa. Superior Ct. 293; *Commonwealth v. Epps,* 298 Pa. 377; *Commonwealth v. Zorambo,* 205 Pa. 109. But the cases cited by appellant do not support his theory on the facts in this case. Rose was present during the examination of the others and though at first he denied the incriminating statements, he did not persist in his denial, for as the examination proceeded, his attitude changed and he admitted his participation with the others in everything that occurred, denying only that he fired the shot that killed. This was immaterial since he was jointly engaged with the others in the perpetration of a felony at the time Tranom was shot, and therefore was equally responsible for the murder whether accidental or not. See *Commonwealth v. Carelli,* supra; *Commonwealth v. Shawell,* 325 Pa. 497, 500. He insisted also that the girl was not raped but submitted willingly to intercourse. Nothing else of import was denied. This change of attitude completely nullifies the previous denial. Thus in *Commonwealth v. Spardute,* supra, the fact that the defendant had denied at first a statement made in his presence concerning his complicity in the crime, and his later confession were both offered at the trial, and it was said by this court, at page 43: " 'The fabrication of false and contradictory accounts by an accused criminal, for the sake of diverting inquiry or casting off suspicion, is a circumstance always indicatory of guilt.' " In this case appellant admitted the correctness of his own statements, was informed they would be used at the

trial, signed the transcript, and made only one correction.

Appellant's objection that the statement was not properly authenticated is without merit. Witnesses who were present at the examination testified concerning it, and the stenographer who took down the conversation was called and verified the transcript. It was not necessary to have the testimony of the operator who transcribed the stenographic notes, in view of the fact that the stenographer himself attested to their correctness.

Appellant assigned as error the admission of portions of the examination wherein statements are made concerning previous felonious offenses. The Commonwealth also introduced records of several prior convictions of appellant for felonies including larceny of automobile, robbery with arms and assault. This is permitted under the Act of May 14, 1925, P. L. 759, and is to be considered in determining the penalty to be fixed: *Commonwealth v. Clark*, 322 Pa. 321, 324; *Commonwealth v. Williams*, 307 Pa. 134. It is not reversible error to receive in evidence a full confession of the defendant although it includes admissions of other crimes, where the court is justified in regarding him as an habitual criminal: *Commonwealth v. Dague*, 302 Pa. 13.

Several portions of the charge were assigned as error, but a thorough reading makes it clear that although defendant offered no evidence and did not take the stand, his rights were fully protected by the trial judge. It is objected that the trial judge charged that if the defendant was guilty at all it was of first degree murder, and thus limited the jury in its determination of the degree. This contention is not substantiated by the portion of the charge objected to, because the judge merely stated that if the jury believed the evidence that the killing was committed in the perpetration of a felony, appellant would be guilty only of first degree murder. Not only did appellant's counsel profess to be satisfied with the charge and offer no additions, but he also withdrew his

points for charge, stating that they had been fully covered. His exception in the court below was general, and none of the portions now complained of were objected to.

Appellant had a fair trial and was properly convicted of a particularly brutal crime which justified the infliction of the death penalty.

Judgment affirmed and record remitted for the purpose of execution.