Commonwealth *v.* Bethea, Appellant.

254

Argued December 10, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*K. L. Shirk, Jr.,* with him *Shirk & Reist,* for appellant.

*Theodore A. Parker,* First Assistant District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., March 20, 1969:

This is an appeal from judgment of sentence of the Court of Quarter Sessions of Lancaster County, by the defendant-appellant, Benjamin Franklin Bethea, Jr., after conviction by a jury of larceny of a motor vehicle; and from the denial of post-trial motions in arrest of judgment and for a new trial.

A man discovered his pick-up truck missing from where he had parked it on South Marshall Street, Lancaster at about 2:30 a.m. on the morning of August 13, 1967. He immediately complained to the police and at about 3:15 a.m. the truck was spotted and stopped at Dauphin and Broad Streets, Lancaster. The defendant was seated on the passenger side and Paul H. Kellum was seated behind the wheel on the driver's side.

Both men were advised of their constitutional rights. Kellum, the driver of the truck, signed a written statement at about 11:30 a.m. describing what had taken place that morning. He stated that he and the defendant had decided to go "joy riding" and they began looking at parked cars on Marshall Street, Kellum on one side, and the defendant on the other side of the street. They were looking for a car with the ignition key in it and unlocked. Kellum found the truck in question and drove it down the street where he picked up the defendant. They were driving the truck at the time the police apprehended them.

After advising the defendant of his constitutional rights, the Kellum statement was given to him to read and, according to the witnesses, he read it and then stated its contents were true and that he and Kellum had done what was in the statement. He did not sign the statement. Kellum did and verified its truthfulness and was present when the defendant read it. Kellum died before the trial.

The testimony of the officers as to the statement of the defendant as to the truthfulness of Kellum's account of the incident and the statement itself were introduced into evidence without objection. The defendant denied at the trial that he had verified the statement. Kellum, of course, having died, was unavailable to testify. The jury convicted the defendant of larceny of a motor vehicle. Post-trial motions were denied and he was sentenced to pay a fine of $100 and undergo imprisonment for a term of one to two years. This appeal followed.

The defendant contends that the statement of Kellum and his oral admission as to the truth of the statement were improperly introduced into evidence and even though unobjected to, the admission was fundamental error. Counsel for the defendant relies on *Com. v. Cheeks*, 429 Pa. 89, 239 A. 2d 793 (1968), but the Commonwealth and the court below also rely on the same case.

In the *Cheeks* case, the defendant had stated that admissions by accomplices that involved him were true and the Supreme Court said at page 98: "We agree with the court below that this clear, unequivocal language of appellant, accepting as true the confessions of his accomplices, is sufficient to permit the introduction of the challenged statements as admissions of Cheeks himself."

And at page 99, the Supreme Court further said: "Not only was the truth of both confessions expressly acknowledged by the very man against whom they were used at trial, but also, since Cheeks chose to acknowledge this truth as part of his own admissible confession it cannot be said that the accomplices' statements were used in place of witnesses against the accused. These confessions were used as part of Cheeks' own admission of guilt, their contents having been an-

nounced to the jury simply to elucidate precisely what it was that appellant himself declared to be accurate accounts of the crime."

We agree, therefore, with the court below that: "The Kellum statement was not admitted as the testimony of Kellum but as the confession of the defendant. There was no deprivation of the defendant's right to cross-examine Kellum since it was not Kellum speaking through the statement but the defendant himself: Com. v. Rose, 327 Pa. 220, 223; Commonwealth v. Oreszak, 328 Pa. 65, 68."

The second contention of the defendant is without merit. This is that the defendant was prejudiced by being charged with larceny of motor vehicle when he should have been charged with the lesser crime of operation of motor vehicle without the owner's consent.

The jury had the right to determine from all the evidence whether the intent of the defendant was to deprive the owner permanently of the possession and enjoyment of the motor vehicle. There was sufficient evidence from which such inferences could be made. It is true that the statement talked of a "joy ride" and the court below gave the defendant the benefit of a charge pointing this out to the jury. However, in addition to that statement, the jury had before it all the surrounding circumstances of the taking and the apprehension of the culprits by the police from which they could infer the intent required by the crime charged.

Judgment of sentence affirmed.