331 A.2d 156
COMMONWEALTH of Pennsylvania
v.
Joseph L. KEARNEY, Appellant.

Supreme Court of Pennsylvania.
Argued Nov. 26, 1974.
Decided Jan. 27, 1975.

604

---

Louis C. Johanson, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., Steven H. Goldblatt, Asst.

Dist. Atty., Chief, Appeals Division, James Garrett, Asst. Dist. Atty., Abraham J. Gafni, Deputy Dist. Atty. for Law, Philadelphia, for appellee.

Before JONES, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

NIX, Justice.

This is a direct appeal after a conviction by jury of murder in the first degree. The appellant rests his present claim for relief on three trial errors which we find to be without merit. Having reviewed the record to satisfy our statutory duty to determine the sufficiency of the evidence upon which the verdict was predicated, 1870, Feb. 15, P.L. 15, § 2, 19 P.S. § 1187; see also, *Commonwealth v. Danz*, 211 Pa. 507, 60 A. 1070 (1905); *Commonwealth v. Priest*, 272 Pa. 549, 116 A. 403 (1922); *Commonwealth v. Caliendo*, 279 Pa. 293, 123 A. 797 (1924), we now affirm.

On September 29, 1968, at or about 8:30 P.M., Kponia Martin sustained a fatal gun shot wound to the head while standing on the highway in the City of Philadelphia conversing with friends. Subsequent investigation revealed that this death was as a result of a feud between two rival youth gangs. The victim was removed from the scene to the Temple Hospital where he was pronounced dead at 10:12 P.M. the same evening. After his arrest, appellant, gave a statement to police officials admitting firing two shots from a rifle into a group of young men. Four spent .25 caliber cartridges and two bullets were found at the scene. An autopsy produced bullet fragments consistent with .25 caliber which were removed from the head of the victim. Appellant, in his statement, asserted that the weapon used by him was a .22 caliber rifle which concededly could not discharge .25 caliber projectiles. He stated that he discarded the rifle

on a vacant lot; however, a search for the weapon by police proved futile.

The first assignment of error is that the trial court erred in unreasonably limiting the defense in its cross-examination of Detective John Cassidy. During the cross-examination of this witness it was elicited that numerous persons were interrogated and statements were recorded. It was further ascertained that one of the individuals questioned had asserted that an individual other than the appellant was in possession of a .25 caliber gun. While trial counsel for appellant was permitted to establish, during the Commonwealth's case-in-chief, that a number of witnesses were interviewed, including the individual in question, he was not permitted to elicit from the officer that police officials had been advised by one witness that another person was in possession of a .25 caliber weapon. The record of the interview in question was shown to counsel and the identity of the informant was disclosed.[1] Although the Commonwealth objected to the introduction of this information on the basis of its hearsay nature, the objection was sustained because it extended beyond the scope of direct examination.

██ From the opinion filed by the court *en banc* denying post-trial motions, which sets forth the grounds that were then being raised for the requested relief, it is apparent that the instant issue was not offered as a basis for relief. It is indisputably the law of this Commonwealth that where an objection, although raised at trial, is not pressed during post-trial motions, that assignment of error is waived and not preserved for appellate review. *Commonwealth v. Goodman*, 454 Pa. 358, 362, 311 A.2d 652, 654 (1973) and cases therein cited. Cf., *Commonwealth v. Clair*, Pa., 326 A.2d 272 (1974).

1. It also appears from the trial transcript that the individual, a Bernard Couzer, was available to the defense to be called as their witness if they had so desired.

 The second and third assignments of error may properly be considered together. In appellant's statement which was introduced by the Commonwealth in its case-in-chief, the weapon discharged by him was described as being a .22 caliber rifle. The spent cartridges recovered at the scene and the fragments removed from the body of the victim were of a .25 caliber. It is well established that the trier of fact has the responsibility of reconciling conflicts in the testimony presented by accepting that evidence they find worthy of belief and rejecting that which they believe is not. This responsibility is not altered because the contradictions appear in the Commonwealth's case, particularly where the conflicts arise from statements contained in a confession of the accused. *Commonwealth v. Hornberger*, 441 Pa. 57, 61, 270 A.2d 195, 197 (1970). In light of the recovery of the .25 caliber projectiles, the pathologist's finding that the fragments removed from the victim was consistent with a .25 caliber bullet, and the admission by appellant that he had discharged a weapon in the direction of the group where the victim was standing, the trier of fact was fully justified in rejecting appellant's statement that the weapon he used was a .22 caliber rifle. *Commonwealth v. Blevins*, 453 Pa. 481, 309 A.2d 421 (1973); *Commonwealth v. Dancer*, 452 Pa. 221, 305 A.2d 364 (1973). To hold otherwise would restrain the prosecution in the introduction of vital incriminatory admissions simply because that statement may also contain exculpatory testimony which is contradicted by other evidence offered by the Commonwealth. This has never been the law of this Commonwealth nor do we perceive of any reason that would commend the adoption of such a view.

Next, we do not find any merit in the argument that the jury was required to guess and that the trial judge's charge encouraged them to resort to conjecture. Obviously, the mere existence of a conflict does not mean

that the trier of fact is required to resort to speculation to resolve the issue. This jury was properly instructed as to the tests for determining credibility and there is nothing to suggest that they failed to adhere to these directions in reaching their verdict.

■ Further, we must also reject the related claim that the court erred in advising the jury during the charge as to the possible resolutions of this conflict. Reviewing the charge we are satisfied that the trial judge set forth all of the reasonable conclusions that could be reached under the testimony presented. In so doing the court wisely, assiduously avoided the expression of an opinion. We find no basis to conclude that there has been a violation of the rule that a court must not inject inferences unsupported by the evidence, *Commonwealth v. Young*, 418 Pa. 359, 363, 211 A.2d 440, 442 (1965) or the expression of an opinion as to guilt. *Commonwealth v. Archambault*, 448 Pa. 90, 290 A.2d 72 (1972). Cf. *Commonwealth v. Yount*, 455 Pa. 303, 319, 314 A.2d 242, 251 (1974). We are satisfied that the charge fairly and temperately framed the issue permitting the jury complete freedom in reaching an independent conclusion. *Commonwealth v. Goins*, 457 Pa. 594, 321 A.2d 913 (1974).

Judgment of sentence affirmed.

EAGEN, J., took no part in the consideration or decision of this case.